(937 P.2d 1257)

No. 76,651

SOUTHWEST ANESTHESIA SERVICE, P.A., *Appellee/Cross-Appellant*, v. SOUTHWEST MEDICAL CENTER, *Appellant/Cross-Appellee.*

Opinion filed May 9, 1997.

*Kerry McQueen* and *Shirla R. McQueen*, of Sharp, McQueen, McKinley, Dreiling & Morain, P.A., of Liberal, for appellant/cross-appellee.

*Larry G. Michel*, of Kennedy Berkley Yarnevich & Williamson, Chartered, of Salina, for appellee/cross-appellant.

*Norman Kelly*, of Norton, Wasserman, Jones & Kelly, of Salina, and *Gene A. Blumenreich*, of Nutter, McClennen & Fish, L.L.P., of Boston, Massachusetts, for *amicus curiae* Kansas Association of Nurse Anesthetists.

*Wayne T. Stratton* and *Anne M. Kindling*, of Goodell, Stratton, Edmonds & Palmer, L.L.P., of Topeka, for *amicus curiae* Kansas Hospital Association.

Before PIERRON, P.J., ROGG, S.J., and DAN D. BOYER, District Judge, assigned.

ROGG, J.: Southwest Medical Center (SWMC) appeals the district court order directing it to disclose certain records pursuant to the Kansas Open Records Act (KORA), K.S.A. 45-215 *et seq.* Southwest Anesthesia Service, P.A., (Southwest Anesthesia) cross-appeals the court's denial of its request for attorney fees. The Kansas Hospital Association filed a brief in support of SWMC and

the Kansas Association of Nurse Anesthetists filed a brief in support of Southwest Anesthesia.

SWMC is a county hospital located in Liberal, Kansas. It is a public agency subject to the KORA. Southwest Anesthesia is a professional corporation employing certified registered nurse anesthetists (CRNAs) who have privileges to provide anesthesia services at SWMC.

Pursuant to KORA, Southwest Anesthesia requested that SWMC provide it with copies of certain records pertaining to six doctors who were not employed by the hospital, but had privileges to provide medical services at SWMC. The requests specifically sought "[a]ny and all contracts, agreements, letters of intent or other written memoranda reflecting, evidencing or relating to payments, compensation, loans, guarantees or other forms of monetary benefits" from SWMC to or for the benefit of the doctors.

SWMC sent its recruitment policy and blank copies of its standard relocation expense agreement and its hospital and physician agreement. It stated that other information was exempt from disclosure under K.S.A. 1996 Supp. 45-221(a)(4) and (15). Southwest Anesthesia and SWMC had several discussions concerning the request, and SWMC continued to maintain that any additional records were exempt.

Southwest Anesthesia filed a petition in district court to enforce the KORA request. It also sought attorney fees under K.S.A. 45-222(c), alleging that SWMC's denial of access to the records was not in good faith and without a reasonable basis in fact or law. At the hearing, the district court found that the records were not exempt from disclosure and ordered SWMC to provide the information requested. The court ruled that SWMC had not acted in bad faith and denied Southwest Anesthesia's request for attorney fees.

It is the public policy of Kansas that public records shall be open for inspection by any person unless otherwise provided. KORA is to be liberally construed and applied to promote this policy. K.S.A. 45-216(a). The interpretation of KORA is a matter of law. *State Dept. of SRS v. Public Employee Relations Board*, 249 Kan. 163, 166, 815 P.2d 66 (1991).

It is not disputed that SWMC and the requested records are subject to KORA. SWMC asserts that four exemptions from disclosure under KORA are applicable, K.S.A. 1996 Supp. 45-221(a)(4), (14), (15), and (30). Southwest Anesthesia argues that K.S.A. 1996 Supp. 45-221(a)(14) and (30) are not before this court as they were not properly raised at the district court level. K.S.A. 1991 Supp. 45-221(a)(4) and (15) were the only exemptions relied upon by SWMC in its communications with Southwest Anesthesia and in its trial court brief. The other sections were argued by SWMC at the hearing, but the district court's written opinion based its ruling on K.S.A. 1996 Supp. 45-221(a)(4) and (15) without mentioning (14) and (30).

Usually, a party may not raise an issue on appeal that was not sufficiently presented to the trial court. An exception to this rule exists when the issue raised is a question of law which may be decided on established facts. *Jones v. Hansen*, 254 Kan. 499, 500-02, 867 P.2d 303 (1994). Whether a particular exemption under KORA is applicable is a question of law and can be reviewed by us. The facts in this case are not in dispute.

K.S.A. 1996 Supp. 45-221(a)(4) and (15) pertain to records relating to employees or applicants for employment. SWMC acknowledges the physicians in question are not employees, but argues that there is no reason to distinguish between the records of physician employees and the records of physicians with staff privileges. SWMC contends that Att'y Gen. Op. No. 87-109 provides support for its argument that the exemption from disclosure in K.S.A. 1996 Supp. 45-221(a)(4) can be applied to nonemployees. A careful reading of the opinion shows that the attorney general was discussing a staff physician who was an employee of a county hospital. At the district court hearing, SWMC argued that the hospital that had requested the opinion had physicians who were independent contractors, not employees. However, this is not what is expressed in the attorney general's opinion. The opinion itself states facts that are not comparable to the circumstances at SWMC. SWMC's reliance on Att'y Gen. Op. No. 87-109 is misplaced. Even if it did address the situation in question, an opinion of the attorney general is neither conclusive nor binding on a court. *Wulfkuhle v.*

*Kansas Dept. of Revenue*, 234 Kan. 241, 248, 671 P.2d 547 (1983). Both SWMC and the Kansas Hospital Association argue that the types of compensation involved (relocation expenses, expenses of establishing a practice, loans, and guarantees) are not "salaries" under K.S.A. 1996 Supp. 45-221(a)(4) and do not need to be disclosed.

The words of the KORA exemption are plain and unambiguous. The duty of the court is to give effect to the intention of the legislature as expressed, rather than to determine what the law should or should not be. *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). Statutory words are presumed to have been consciously chosen with an understanding of their meaning, and intentionally used with the legislature having meant what it said. *State Dept. of SRS v. Public Employee Relations Board*, 249 Kan. at 168. The cited exemptions relate only to employees, and the district court correctly found them to be inapplicable. Any extension of the exemptions to cover persons other than employees is a matter for the legislature.

The other two exemptions relied upon are K.S.A. 1996 Supp. 45-221(a)(14) and (30), which relate to correspondence between a public agency and a private individual, and to information of a personal nature where public disclosure would constitute a clearly unwarranted invasion of personal privacy.

SWMC did not present any testimony or other evidence to support these exemptions at the hearing. The burden of proving an exemption from disclosure is on the agency not disclosing the information. *State Dept. of SRS v. Public Employee Relations Board*, 249 Kan. at 170. This burden is well stated by the Connecticut Supreme Court:

" '[U]nsupported conclusory allegations of counsel are not evidence and are insufficient for the application of an exemption from disclosure.' [Citation omitted.] 'The burden of establishing the applicability of an exemption . . . requires the claimant . . . to provide more than conclusory language, generalized allegations or mere arguments of counsel. Rather, a sufficiently detailed record must reflect the reasons why an exemption applies to the materials requested.' " *Perkins v. Freedom of Information Commission*, 228 Conn. 158, 176, 635 A.2d 783 (1993).

SWMC has failed to show that K.S.A. 1996 Supp. 45-221(a)(14) and (30) are applicable.

None of the exemptions cited by SWMC provide a basis for not disclosing the requested records.

In its cross-appeal, Southwest Anesthesia claims that it should have been awarded attorney fees under K.S.A. 45-222(c) because SWMC's denial of access to the records was not in good faith and was without a reasonable basis in law or fact. Southwest Anesthesia argues that SWMC relied on an attorney general opinion that was not applicable and refused to request an opinion from the attorney general on the specific facts relating to the case. Southwest Anesthesia also notes that SWMC did not produce any evidence to support the claimed exemptions.

The award of attorney fees is a matter within the discretion of the district court. SWMC supplied some blank documents and general information in response to the KORA request, but refused to provide specific information pertaining to the physicians identified. It appears that SWMC's erroneous reliance on Att'y Gen. Op. No. 87-109 was due to its knowledge of the situation underlying the request for the opinion and was based on facts not specifically reflected or addressed in the opinion. The district court found that this was not so misguided as to amount to bad faith. Reasonable persons could agree with this determination. The denial of attorney fees is not an abuse of discretion.

Affirmed.