The Honorable Jim Barone State Senator, 13th District 611 W. Leighton Frontenac, Kansas 66783
Dear Senator Barone:
As Senator for the Thirteenth District you request our opinion regarding whether a consulting contract with a public agency is mandatorily open under the Kansas Open Records Act (KORA). Specifically you ask about openness of information concerning the type of work to be performed by the consultant and the amount and type of compensation.
The KORA creates a presumption of openness. It provides:
 "It is declared to be the public policy of the state that public records shall be open for inspection by any person unless otherwise provided by this act, and this act shall be liberally construed and applied to promote such policy."[1]
In order for a public agency to close a record, there must be specific legal authority. Your question concerns the personnel records exception, which provides that a public agency shall not be required to disclose:
 "Personnel records, performance ratings or individually identifiable records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such."[2]
As a starting point, you ask whether a consultant would be considered a public employee simply because the consulting contract is paid for with public funds. In Southwest AnaesthesiaService, P.A. v. Southwest Medical Center,[3] the Court distinguished between independent contractors, to whom the Court held the personnel exception does not apply, and public employees, to whom the Court held that the exception does apply. The case certainly implies that mere payment of public funds for services does not establish an employment relationship for purposes of the section.[4]
Something more than payment from public funds is required to establish that a person is a public employee. The Kansas Supreme Court has described the distinction between an independent contractor and an employee as follows:
 "An independent contractor is defined as one who, in exercising an independent employment, contracts to do certain work according to his or her own methods, without being subject to the control of the employer, except as to the results or product of his or her work. The primary test used by the courts in determining whether the employer-employee relationship exists is whether the employer has the right of control and supervision over the work of the alleged employee, and the right to direct the manner in which the work is to be performed, as well as the result which is to be accomplished. It is not the actual interference or exercise of the control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor."[5]
Because your question is general in nature and not specific to an individual consulting contract, the most we are able to say is that mere payment of public funds for the services does not establish the "employment" relationship. But, because inSouthwest Anesthesia Service, P.A. the Court held that no records concerning an independent contractor could be closed under the personnel records exception, whether an individual is an employee or an independent contractor may be a distinction without much difference for purposes of the KORA. (The Court did leave open the possibility that portions of the records concerning independent contractors might be closed under other relevant exceptions.)
Turning to the situation in which a consultant is an employee, the question is whether the contract of employment may be closed under the exception. In discussing the personnel exception contained in the Kansas Open Meetings Act, commentators have said that the purpose of this provision is to protect the privacy of employees, save personal reputations, and to encourage qualified people to select and remain in the employ of government.[6] We believe the same principle applies to the KORA. In a recent Attorney General Opinion we discussed the personnel exception, concluding that public employees' home addresses could be kept closed as individually identifiable records of employees, relying on a United States Supreme Court case that concluded that under the Freedom of Information Act, a person's privacy interest in their home address is high and the public interest in that information is fairly low.[7] We believe that the personnel exception is designed to protect information that is normally kept in personnel records files, such as documentation of discipline, references and resumes, ADA and FMLA issues, as well as specific personal information such as home address and social security number.
There are no Kansas cases that discuss what information concerning a public employee may be closed under K.S.A. 45-221(a)(4). InLinbrach v. Cooper,[8] the Missouri Court of Appeals considered whether a severance contract with a public employee was mandatorily open under Missouri's records act. The exception in question allowed closure of:
 "Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such. . . ."[9]
The employer argued the severance package was a modification of the employment agreement and therefore an "individually identifiable record" and "records pertaining to employment" which could be closed. The Court rejected this argument, saying:
 "The Board's major premise is that an employment agreement of a public employee is a personnel record and, therefore, may be closed. This stands the mandate for construing the Act on its head. The mandate is to construe the exceptions narrowly and the disclosure requirement liberally, not vice versa. Public employees may not wish their employment contracts known, but this personal desire is insignificant when contrasted to the public's interest in knowing what their public servants are being paid and under what terms and conditions. The General Assembly did not expressly create an exception for employment contracts and we decline to do so by implication.
 "Moreover, this provision authorizing closure of personnel records, excepts `salaries' from this authorization. The Board attempts to limit this language by distinguishing severance payment from salary. . . .
. . . .
 "The reasoning used by the Board to separate and disconnect the Burns' severance payment here from his salary requires nice distinctions appreciated by ancient practitioners at the bar but never understood or accepted by the public. Furthermore, to limit the word `salary' in its present context, as the Board suggests, would mean other remunerations not limited to severance payments, such as travel expenses, provided by the governmental body could be effectively concealed from public scrutiny.
 "Missouri law properly recognizes the public interest in an open government. That interest may be at its greatest where, as here, public funds are spent. The Act provides for narrow classes of records that may be closed from public inspection. None of these exceptions applies to the Agreement here, a severance contract with no unusual or atypical kinds of terms and conditions."[10]
We agree with the Missouri Court that terms and conditions of public employment are generally open. The personnel exception mandates that records pertaining to both position and salary be open. Position must contemplate more than just a designation of "consultant" to be meaningful information, and would encompass the type of work to be performed and compensation, if included in the contract.
We do not necessarily believe, however, that the entire contract is open. Information such as home address and social security number could be redacted.[11] There could be other information in the contract of a type normally found in a personnel records file or of a personal nature that could be redacted under the authority of this exception, or possibly as a clearly unwarranted invasion of personal privacy,[12] or some other exception. Because this opinion request is of a general nature, we are unable to be more specific.
In summary, we believe that an employment contract for a public employee is generally open, but that information can be redacted if there is statutory justification for doing so.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] K.S.A. 45-216(a).
[2] K.S.A. 1998 Supp. 45-221(a)(4).
[3] 23 Kan. App. 2d 950 (1997).
[4] See also, K.S.A. 45-217(e)(2), which excludes from the definition of a public agency, "Any entity solely by reason of payment from public funds for property, goods, or services of such entity."
[5] Mitzner by and through Bishop v. State, 257 Kan. 258, Syl. ¶ 2 (1995).
[6] Smoot and Clothier, Open Meetings Profile; The Prosecutor's View, 20 Wn.burn L.J. 241, 275 (1977); Tacha, The Kansas Open Meeting Act: Sunshine on the Sunflower State?, 25 Kan. L. Rev. 169, 195 (1977).
[7] Attorney General Opinion No. 97-52.
[8] 778 S.W.2d 351 (Mo.App. 1989).
[9] MO. St. § 610.021(13).
[10] 778 S.W.2d at 355-56.
[11] See, K.S.A. 45-221(d).
[12] K.S.A. 45-221(a)(30)