The Honorable Douglas Johnston State Representative, 92nd District 1450 Lieunett Wichita, Kansas 67203
Karla Pierce, Secretary Department of Revenue 915 S.W. Harrison St. Topeka, Kansas 66612-1588
Dear Representative Johnston and Secretary Pierce:
You request our opinion regarding what information the Department of Revenue is required to release pursuant to open records requests about members of the Medical Advisory Board of the Division of Vehicles, as well as its recommendations and determinations. Specifically, you inquire as to whether members of the Medical Advisory Board are "officers or employees" of a public agency for purposes of the Kansas Open Records Act (KORA), K.S.A. 45-215 et seq.
The Medical Advisory Board is created by K.S.A. 8-255b:
 "(a) The secretary of revenue may appoint a medical advisory board which shall be composed of five members. Such board shall be within the department of revenue and attached to the division of vehicles. The members of the board shall include, but not be limited to, a physician licensed to practice opthalmology, a licensed optometrist, a licensed psychiatrist, and a licensed physician specializing in internal medicine. The board shall meet at the request of the director of vehicles or at the request of any two members of the advisory board or upon petition to the advisory board by a person whose license to operate a motor vehicle has been suspended or revoked. Members of the medical advisory board attending meetings of such board, or attending a subcommittee meeting thereof authorized by such board, shall be paid compensation, subsistence allowances, mileage and other expenses as provided in K.S.A. 75-3223.
 "(b) The medical advisory board is created for the purpose of giving advisory opinions to the director of vehicles in the case of any person whose license to operate a motor vehicle has been suspended or revoked by the director of vehicles for good cause shown that the operation of a motor vehicle on a highway by such person would be inimical to public safety and welfare because of an existing or suspected mental or physical disability.
 "(c) The providing of advisory opinions by the medical advisory board and action pursuant thereto by the director of vehicles is a discretionary function or duty under the Kansas tort claims act."
The general rule of the KORA is that "[a]ll public records shall be open for inspection by any person, except as otherwise provided by this act."[1] In other words, to close a public document, there must be specific legal authority. The KORA is to "be liberally construed and applied."[2] The burden of proving an exemption from disclosure is on the agency that wishes to close the record.[3]
The KORA defines a "public agency" as "the state or any political or taxing subdivision of the state, or any office, officer, agency, or instrumentality thereof, or any other entity, receiving or expending and supported in whole or part by public funds."[4] Because the Board is within the Department of Revenue, is created by statute, and members of the Board are paid expenses as provided in K.S.A. 75-3223 from public funds, the Board is a public agency for purposes of the KORA and thus subject to its mandates.
K.S.A. 1998 Supp. 45-221(a) lists various types of records that may be closed. The provision most applicable to information concerning the Board members is K.S.A. 1998 Supp. 45-221(a)(4). It provides:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(4) Personnel records, performance ratings or individually identifiable records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries, and lengths of service of officers and employees of public agencies once they are employed as such."
We do not believe that the Board members meet any of the typical tests for being employees; the issue is whether the Board members are officers of the state.
In Durflinger v. Artiles,[5] the Kansas Supreme Court discussed attributes of a public office:
 "In Sowers v. Wells, 150 Kan. 630, 95 P.2d 281
(1939), this court was asked what is a `public office' and who is a `public officer'? 150 Kan. at 633, 95 P.2d 281. In response the court answered:
 "`While the authorities are not in complete harmony in defining the term "public office," or "public officer," it universally has been held that the right to exercise some definite portion of sovereign power constitutes an indispensable attribute of "public office."' 150 Kan. at 633, 95 P.2d 281.
 "See also Steere v. Cupp, 226 Kan. 566, 572, 602 P.2d 1267
(1979). Two years before Sowers, this court in Miller v. Ottawa County Comm'rs, 146 Kan. 481, 71 P.2d 875
(1937), stated:
 "`The distinction between an officer and an employee is that the responsibility for results is upon one and not upon the other. There is also upon an officer the power of direction, supervision and control. The distinction between a public officer and an employee is concisely made in 22 R.C.L. 379, in the following language:
 "'"A public office is not the same thing as a contract, and one contracting with the government is in no just and proper sense an officer of the government. The converse is likewise true and an appointment or election to a public office does not establish a contract relation between the person appointed or elected and the public."'
"'* * *
"`In 53 A.L.R. 595 it is stated:
 "'"It may be stated, as a general rule deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements."' (See, also, 93 A.L.R. 332.)" 146 Kan. at 484-85, 71 P.2d 875. (Emphasis supplied.)
 "See also 63 Am.Jur.2d, Public Officers and Employees § 11, p. 634, and generally §§ 1-14; Annot., Distinction between Office [234 Kan. 503] and Employment, 140 A.L.R. 1076; and 35 Words and Phrases, Public Officer, pp. 408-14 (1963).
 "In 63 Am.Jur.2d, Public Officers and Employees § 1, at p. 625, it is commented:
 "`A public officer is such an officer as is required by law to be elected or appointed, who has a designation or title given him by law, and who exercises functions concerning the public, assigned to him by law. The duties of such officer do not arise out of contract or depend for their duration or extent upon the terms of a contract.'
 "Black's Law Dictionary (5th ed. 1979), has defined public office and public official.
 "`Public office. Essential characteristics of "public office" are (1) authority conferred by law, (2) fixed tenure of office, and (3) power to exercise some portion of sovereign functions of government; key element of such test is that "officer" is carrying out sovereign function. Spring v. Constantino, 168 Conn. 563, [568,] 362 A.2d 871, 875 [(1975)]. Essential elements to establish public position as "public office" are: position must be created by constitution, legislature, or through authority conferred by legislature, portion of sovereign power of government must be delegated to position, duties and powers must be defined, directly or impliedly, by legislature or through legislative authority, duties must be performed independently without control of superior power other than law, and position must have some permanency and continuity. State v. Taylor, 260 Iowa 634, [639,] 144 N.W.2d 289, 292 [(1966)].' p. 1107.
 "`Public official. The holder of a public office though not all persons in public employment are public officials because public official's position requires the exercise of some portion of the sovereign power, whether great or small. Town of Arlington v. Bds. of Conciliation and Arbitration, [370 Mass. 769], 352 N.E.2d 914 [(1976)].' p. 1107."
The Medical Advisory Board is created by statute. While the members do not have a definite tenure, we do believe they are charged with an exercise of sovereign authority, reviewing the health conditions of drivers and making recommendations to the director of vehicles on licensure. Licensure of drivers is purely a sovereign function.
As such, we believe that members of the Medical Advisory Board are public officials, so that the "name, position, salaries and lengths of service" of such Board members are mandatorily open.
You also ask what other information concerning the Board members and their determinations is open. In a recent Attorney General Opinion, we concluded that the home addresses and telephone numbers of public employees do not have to be disclosed under the KORA. We believe the same rational applies to public officers, except in situations when the residence of the officer is a statutory requirement or other qualifications or circumstances require disclosure.
You also ask about information concerning determinations made by the Board. K.S.A. 1998 Supp. 74-2012(a) states that "all records of the division of vehicles relating to the physical or mental condition of any person . . . shall be confidential." The Medical Advisory Board is attached to the Division of Vehicles and its recommendations and determinations are based on its assessment of the physical or mental condition of those it must evaluate, and are therefore closed, except for the circumstances listed in K.S.A. 1998 Supp. 74-2012(a) (1) to (4).
In summary, we believe that members of the Medical Advisory Board fall within K.S.A. 1998 Supp. 45-221(a)(4) and that therefore only names, salaries, and lengths of service
of the members must be disclosed. Home addresses and phone numbers of Board members need not be disclosed. Determinations made by the board are closed.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] K.S.A. 1998 Supp. 45-218(a).
[2] K.S.A. 45-216(a).
[3] Southwest Anesthesia Service, P.A. v. Southwest Medical Center,23 Kan. App. 2d 950, 953 (1997).
[4] K.S.A. 1998 Supp. 45-217(e).
[5] 234 Kan. 484, 502-04 (1983).