No. 87,173

NATHAN WILLIS Editor, *The University Daily Kansan, Appellant,*
v. KANSAS HIGHWAY PATROL, *Appellee.*

(41 P.3d 824)

Opinion filed March 8, 2002.

*Michael W. Merriam,* of Topeka, argued the cause and was on the brief for appellant.

*Hsingkan Chiang,* assistant attorney general, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This appeal raises the issues of whether a peremptory writ of mandamus should have been issued and attorney fees allowed when the trial court ruled in favor of a university newspaper editor in resolving the friction between the exclusions from disclosure of criminal investigations records in the Kansas Open Records Act (KORA), K.S.A. 45-215 *et seq.,* and the statement in K.S.A. 8-1611 that accident reports shall not be privileged or held confidential.

While the ultimate issues and rulings are fairly straightforward and focused, the factual background and conflicting statutory provisions require a recitation in considerable detail.

On September 16, 2000, a fatal motor vehicle accident occurred on Highway 10 near Olathe, Kansas, wherein a car being driven by a 16-year-old minor, S.S., at a high speed went out of control, crossed a median, and struck a car driven by Felica Bland, resulting in her death. A blood alcohol test of S.S. showed a .15 blood alcohol concentration and questions immediately arose concerning the source of S.S.'s alcoholic consumption. There were 23 police officers, medical personnel, and fire department members at the scene of the accident, in addition to numerous witnesses.

An investigation of the accident commenced and statements were taken to determine if criminal charges should be filed. A complaint was ultimately filed against S.S.

On or about October 3, 2000, Nathan Willis, editor of the University Daily Kansan newspaper, made a request through one of his employees to the Topeka office of the Kansas Highway Patrol (KHP) for a copy of the accident report. The employee was informed the report had arrived but because a fatality was involved, the report could not be released until it was reviewed by a person who was not available until October 9.

The Daily Kansan employee called the KHP from October 9 through October 12, and was informed the report had not yet been reviewed or was not yet in the system. On October 13, she was informed the report might not be released because it involved a juvenile. On October 16, she was told the report would not be released because S.S. was being charged with a felony, making it part of a continuing criminal investigation.

On October 19, 2000, Willis made a written request under the KORA for access to the report. The KHP responded by a letter dated October 25, 2000, that the KORA request was denied because the report constituted a "criminal investigation record" which was exempt from disclosure under K.S.A. 45-221(a)(10). Willis obtained counsel who contacted the records custodian on October 27, 2000, and contended the accident report was required

to be released under K.S.A. 8-1611. A promised returned phone call was not made.

Willis filed this present action on November 29, 2000, seeking (1) a declaratory judgment that the KHP's actions were contrary to law and in violation of the KORA and that the records sought are public records, (2) an order enjoining the KHP from any further violations of the KORA, (3) an order in mandamus compelling the KHP to comply with the law and honor Willis' request for access to public records now and in the future, (4) an award of attorney fees under K.S.A. 45-222(c), and (5) the payment of costs and such other and further relief as the court might deem just and equitable.

The KHP filed a motion to dismiss, asking the court to find that the record requested was a criminal investigation record as defined by K.S.A. 45-217(b) and not subject to disclosure except by appropriate court findings and order under K.S.A. 45-221(a)(10). The KHP submitted the record for in camera inspection by the court. The KHP made no specific argument with regard to the requested attorney fees, except to contend there was no violation of the KORA and that Willis' action should be dismissed "in its entirety."

Willis responded to the KHP's motion and also moved for a peremptory order of mandamus pursuant to K.S.A. 60-802(b), claiming that he had a clear right to the record in that K.S.A. 8-1611 mandates that the information contained in the accident report is not privileged or confidential. In his motion, Willis clarified that he was only requesting the information on the form prepared for the Kansas Department of Transportation (KDOT) as required by K.S.A. 8-1612, not the entire criminal record.

Without a hearing, the court issued a memorandum decision and order. The court treated the KHP's motion as one for summary judgment. The court found that the information in the KDOT accident report could not be held privileged or confidential under K.S.A. 8-1611(b) and ordered the record released. The court denied Willis' motion for peremptory mandamus. The court found that because it was a matter of first impression in Kansas whether a motor vehicle accident report prepared under K.S.A. 8-1611 is accessible to the public under the KORA, the right was not clear

and therefore not subject to an order of peremptory mandamus under K.S.A. 60-802(b). The court also found that the KHP had a reasonable basis under the KORA exception which it relied on in denying Willis' request and thus concluded that attorney fees could not be awarded. The court finally noted that due to its ruling it was unnecessary to address Willis' additional claims "for declaratory judgment and injunctive relief."

Willis appealed the trial court's denial of a peremptory writ of mandamus and his request for attorney fees.

We begin our analysis of the two issues raised by Willis by highlighting the order which was *not* appealed. The trial court required the accident report to be released to Willis and this order was not appealed by the KHP. Willis *is* appealing the nature of the relief he received in contending that a peremptory writ of mandamus under K.S.A. 60-802(b) should have been issued. In actuality, except for attorney fees he obtained the exact relief he asked for— the release of the accident report.

The standard of review is not, as Willis contends, to view the record in the light most favorable to him as is the case with summary judgment. See *Bergstrom v. Noah,* 266 Kan. 847, 871-72, 974 P.2d 531 (1999). We have previously said in *State, ex rel., v. Paulsen,* 204 Kan. 857, Syl. ¶ 2, 465 P.2d 982 (1970), that "[a]n order in mandamus is a discretionary one and does not issue as a matter of right, nor unless the defendant's legal duty is clear, and if it is not clear, the writ should not issue, the burden of showing the right to relief being on the plaintiff."

To the extent that we are required to construe applicable statutes, our review is unlimited. *Babe Houser Motor Co. v. Tetreault,* 270 Kan. 502, 506, 14 P.3d 1149 (2000). In doing so we recognize the following rules of statutory construction:

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible." *Harris Enterprises, Inc. v. Moore,* 241 Kan. 59, Syl. ¶ 1, 734 P.2d 1083 (1987).

The basis under which Willis contends mandamus should have been granted is the wording of K.S.A. 45-222(a), which relates to civil remedies under the KORA:

"The district court of any county in which public records are located shall have jurisdiction to enforce the purposes of this act with respect to such records, by injunction, mandamus or other appropriate order, in an action brought by any person, the attorney general or a county or district attorney."

The issuance of a peremptory writ of mandamus is statutorily provided for in K.S.A. 60-802:

"(a) *Generally.* Relief in the form of mandamus shall be obtained under the same procedure as relief in other civil actions. If it be desired in connection with any mandamus proceeding to stay any proceedings or acts pending determination of the mandamus proceeding, the plaintiff may combine therewith an application for relief under article 9 of this chapter. The judgment in mandamus shall specify with particularity the act or acts which the defendant is compelled to perform or enjoined from performing.

"(b) *Peremptory order.* When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory order of mandamus may be allowed in the first instance."

Mandamus also carries with it standing requirements, as recently set forth by this court:

"Mandamus may not be invoked to control discretion. Mandamus does not enforce a right that is in substantial dispute. A party must be clearly entitled to the order sought before mandamus is proper.' *Link, Inc. v. City of Hays,* 268 Kan. 372, 375, 997 P.2d 697 (2000). 'Where an order of the trial court denies a litigant a right or privilege which exists as a matter of law, and there is no remedy by appeal, mandamus may be invoked.' *State ex rel. Stephan v. O'Keefe,* 235 Kan. 1022, 1025, 686 P.2d 171 (1984).

. . . .

" Whether or not a private individual has brought himself within the narrow limits of the well-established rule must be determined from the particular facts of each individual case.' *Mobil Oil Corporation v. McHenry,* 200 Kan. 211, 243, 436 P.2d 982 (1968)." *Kansas Bar Ass'n v. Judges of Third Judicial Dist.,* 270 Kan. 489, 491, 14 P.3d 1154 (2000).

It could be argued that this question is moot because Willis has received the document he requested. The friction between K.S.A. 8-1611 and the exception under the KORA in 45-221(a)(10) has been resolved. However, we complete our analysis of the question

as to the issuance of the peremptory writ of mandamus in that it was specifically requested by Willis and denied by the trial court.

In the context of requesting a mandamus order, Willis' argument might also be deemed to fail for lack of standing. As this court has previously held, mandamus is not appropriate where " 'a plain and adequate remedy at law exists.' " *Amalgamated Meat Cutters, Etc. v. Johnson,* 178 Kan. 405, 411, 286 P.2d 182 (1955). Certainly, Willis has received an adequate remedy at law, in that an order by the district court was issued requiring the accident document sought to be released.

While we will ultimately hold that the trial court granted Willis "other appropriate" relief as authorized under K.S.A. 45-222(a) and the denial of the peremptory writ of mandamus was proper, we now set forth the statutory provisions of the KORA relating to exceptions restricting disclosure and the language of K.S.A. 8-1611 which Willis contends clearly required disclosure as they relate to the issue of whether "the right to require the performance of the act is clear." K.S.A. 60-802(b).

The legislative policy must be deemed to be considered in Willis' favor, as K.S.A. 45-216(a) states: "It is declared to be the public policy of the state that public records shall be open for inspection by any person unless otherwise provided by this act, and this act shall be liberally construed and applied to promote such policy." The "unless otherwise provided by this act" wording brings into play the language of K.S.A. 45-221(a), which provides numerous specific exceptions to the disclosure of public records and states in subsection 10:

"(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:

. . . .

(10) Criminal investigation records, except that the district court, in an action brought pursuant to K.S.A. 45-222, and amendments thereto, may order disclosure of such records, subject to such conditions as the court may impose, if the court finds that disclosure:

(A) Is in the public interest;

(B) would not interfere with any prospective law enforcement action;

(C) would not reveal the identity of any confidential source or undercover agent;

(D) would not reveal confidential investigative techniques or procedures not known to the general public;

(E) would not endanger the life or physical safety of any person."

K.S.A. 45-217(b) defines criminal investigation records as "records of an investigatory agency or criminal justice agency . . . compiled in the process of preventing, detecting or investigating violations of criminal law, *but does not include . . . records pertaining to violations of any traffic law other than vehicular homicide as defined by K.S.A. 21-3405.*" (Emphasis added.)

The accident report requested by Willis was that required to be completed by K.S.A. 8-1611 and K.S.A. 8-1612.

"(a) Every law enforcement officer who:

(1) Investigates a vehicle accident of which a report must be made as required in this article; or

(2) otherwise prepares a written report as a result of an investigation either at the time of and at the scene of the accident or thereafter by interviewing the participants or witnesses, when such accident under paragraphs (1) or (2) results in injury or death to any person or total damage to all property to an apparent extent of $500 or more, shall forward a written report of such accident to the department of transportation within 10 days after investigation of the accident.

"(b) Such written reports required to be forwarded by law enforcement officers and the information contained therein shall not be privileged or held confidential." K.S.A. 8-1611(a), (b).

"(a) The department of transportation shall prepare and upon request supply to police departments, sheriffs and other appropriate agencies or individuals, forms for written accident reports as required in this article, suitable with respect to the persons required to make such reports and the purposes to be served. The written reports shall call for sufficiently detailed information to disclose, with reference to a vehicle accident, the cause, conditions then existing and the persons and vehicles involved." K.S.A. 8-1612(a).

Neither party disputes, and the record supports, that DOT Form 850 (the accident report) is the form prepared by KDOT and supplied to law enforcement agencies as required by these statutes.

While we will discuss briefly the interplay between K.S.A. 8-1611(b) and K.S.A. 45-221(a)(10), which both parties discuss, it is of primary importance to be clear that *this issue is not before the court.* What is first before this court is whether the trial court erred in not issuing a peremptory order of mandamus under the facts of this case.

130

We have previously cited *Johnson*, 178 Kan. 405, on the question of standing, but the case is really more appropriate in considering whether a peremptory order of mandamus was required under the facts of this case. In *Johnson*, a temporary restraining order had been issued which prevented a labor union from picketing. The union asked the Kansas Supreme Court in an original action to dissolve the order under G. S. 1949, 60-1704 (the predecessor statute to K.S.A. 60-802[b] with substantially the same language). The issue was whether the general order of mandamus should be issued, a peremptory writ should be issued, or not to issue a writ at all. The court restated the issue as:

"Was the lack of jurisdiction to entertain the action in the first place and to issue the restraining order *so plain and well settled as to make it the clear legal duty* of defendants to dissolve such restraining order once the law was called to defendants' attention? If it was the clear, legal duty of defendants to dissolve such order, then mandamus will lie and a peremptory writ should issue." (Emphasis added.) 178 Kan. at 411.

The law appeared clear that the restraining order should not have been issued. The *Johnson* opinion reviewed applicable cases which so held and found that a peremptory order of mandamus was proper but declined to issue the writ because the restraining order had already been dissolved. 178 Kan. at 421.

Willis concedes there is no Kansas appellate decision deciding the friction between K.S.A. 8-1611 and K.S.A. 45-221(a)(10), but contends that Attorney General Opinions Nos. 79-17, 79-98, and 98-51 support his argument that a clear duty existed to turn over the accident report. We do not agree. First, it is the well-settled position of this court that attorney general opinions are not binding law in Kansas, but are merely persuasive authority. *City of Junction City v. Cadoret*, 263 Kan. 164, 173, 946 P.2d 1356 (1997). Second, the attorney general opinions did not face the precise arguments raised by the KHP in this case. Third, Opinion No. 79-98 involves criminal *history* records, not criminal *investigation* records. Fourth, Opinion No. 79-17 is based in large part on K.S.A. 1978 Supp. 74-2012, which has subsequently been amended to no longer include a direct reference to "accident reports." K.S.A. 2001 Supp. 74-2012. Finally, not only are attorney general opinions limited to

persuasive value, this question involves interpretation of statutes over which appellate review is plenary. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d. 1027 (1998).

The KHP'argued the reports do not lose their privileged or confidential nature until after the investigation of the accident is complete, which does not occur until the report is transmitted to the KDOT within 10 days after investigation of the accident. K.S.A. 8-1611(a)(2). While it is more logical that this refers to the basic information of the DOT form rather than the entire criminal investigation that may later ensue, there was a colorable argument that the report and the investigation were so intertwined that the legal duty to turn over the report was not so clear as to require the granting of a peremptory order of mandamus.

The more difficult analysis is whether a fatality accident report where a criminal felony prosecution is being considered comes within the guise of the public records exception under the KORA.

Under K.S.A. 45-221(a)(10), criminal investigation records need not be disclosed except under order by the district court. Criminal investigation records are defined by the Act and specifically do not include records of traffic violations, *"other than vehicular homicide as defined by K.S.A. 21-3405."* (Emphasis added.) K.S.A. 45-217(b). Vehicular homicide is "the unintentional killing of a human being committed by the operation of an automobile . . . in a manner which creates an unreasonable risk of injury to . . . another and which constitutes a material deviation from the standard of care which a reasonable person would observe under the same circumstances." K.S.A. 21-3405. Neither party disputes and the record supports the conclusion that Scott's actions fit within this definition.

Thus, there exists a clear legislative directive that records relating to this accident are excepted from disclosure requirements of the KORA. Potentially, the legislature did not desire to permit accident reports of vehicular homicide to have the open record protection offered by the KORA (such as a 3-day requirement to turn them over, or attorney fees for failing to release the records), but at the same time the legislature desired the information to not be confidential or privileged so that eventually all interested parties could

obtain access to it. While this may or may not be the proper resolution of this issue, what is apparent is that the KHP made a reasonable argument that accident reports involving vehicular homicide are not covered by the KORA.

The interplay of K.S.A. 8-1611(b), which labels the information contained in accident reports as not "privileged or confidential," and K.S.A. 45-221(a)(10) and K.S.A. 45-217(b), which exempt records of vehicular homicide from KORA disclosure requirements, had not previously been addressed by any appellate court. It most certainly is not a question that without some published direction or additional legislative expression can be answered in a manner which "leaves no doubt at all" that a legal duty existed under the KORA for the KHP to disclose the report to Willis at his request. Therefore, a clear right did not exist as required by K.S.A. 60-802(b), and Willis' motion for a peremptory order of mandamus was properly denied.

As a final matter, Willis argued in his brief that the trial court "effectively rewrote" K.S.A. 45-222(a), "which expressly provides for the remedy of mandamus in KORA actions." K.S.A. 45-222(a) provides:

"The district court of any county in which public records are located shall have jurisdiction to enforce the purposes of this act with respect to such records, by injunction, mandamus or other appropriate order, in an action brought by any person, the attorney general or a county or district attorney."

Clearly, the trial court's action fell within the statutory parameter of "other appropriate order" when it ordered release of the record. Willis' argument that mandamus is the only correct means by which a trial court can grant relief under the KORA is without merit.

Additionally, we note that the manner in which our appellate courts would construe the K.S.A. 45-221(a)(10) exception is not presently clear in light of *Harris Enterprises, Inc. v. Moore*, 241 Kan. 59, 734 P.2d 1083 (1987). Harris involved the application of the KORA to criminal investigation files, in which we held that while a definable public interest existed, an in camera inspection correctly resulted in the trial court exercising its discretion to find that they contained no information which would " 'promote the

public interest found in this case.' " 241 Kan. at 67. Our court went on to state:

"Finally, we note that the legislature's intent in enacting K.S.A. 45-221(a)(10) is clear. Criminal investigation files are sensitive. Raw investigative files nearly always include the names of many innocent people. Where the files are open to public scrutiny, the potential for injury is great. In addition, if criminal investigation files are open, many people with information which might lead to a resolution of the investigation will refuse to disclose such information. Investigations will be badly hampered. Thus, only under very restricted circumstances may the district court require disclosure." 241 Kan. at 67.

The position taken and the arguments made by the KHP had reasonable grounds for success and were clearly sufficient so that the peremptory writ of mandamus should not have been issued.

Finally, we consider Willis' claim for attorney fees. In doing so, we rely on everything we have said concerning why a peremptory writ of mandamus should not have been issued.

The trial court refused to grant attorney fees, finding that "this issue appears to be one of first impression and the Respondent relied upon an exception to disclosure under KORA that was not without some reasonable basis."

In considering the trial court's denial of attorney fees under K.S.A. 45-222, the Kansas Court of Appeals in *Southwest Anesthesia Serv., P.A. v. Southwest Med. Ctr.*, 23 Kan. App. 2d 950, 954, 937 P.2d 1257 (1996), stated: "The award of attorney fees is a matter within the discretion of the district court." At the time *Southwest Anesthesia* was decided, the provisions of K.S.A. 45-222(c) (Furse 1993) stated: "[T]he court may award attorney fees." The "may" was changed to "shall" by L. 2000, ch. 156, sec. 4, which appears to remove the court's discretion if the court finds the denial was not in good faith or without a reasonable basis in fact or law.

K.S.A. 45-222(c) states: "In any action hereunder, the court shall award attorney fees to the plaintiff if the court finds that the agency's denial of access to the public record was not in good faith and without a reasonable basis in fact or law." The agency's action must both be "not in good faith" and "without a reasonable basis in fact or law" in order to grant attorney fees.

First, lacking any factual or evidentiary hearing, there was absolutely no showing that the KHP's actions in responding to Willis' request was "not in good faith." Second, the question presented was one of first instance to our courts. There was a "reasonable basis in fact or law" for the KHP's argument, although it was not ultimately successful. The trial court properly refused to grant Willis' attorneys fees.

Affirmed.

DAVIS, J., not participating.

BRAZIL, S.J., assigned.