(49 P.3d 554)

No. 86,767

TELEGRAM PUBLISHING CO., INC., *Appellee,* v. KANSAS DEPARTMENT OF TRANSPORTATION, *Appellant.*

Opin-
ion filed July 12, 2002.

*Bradley A. Stout* and *Jeffrey E. Goering,* of Thompson Stout & Goering, LLC, of Wichita, and *Michael B. Rees,* of Kansas Department of Transportation, for appellant.

*Michael W. Merriam,* of Topeka, for appellee.

Before ELLIOTT, P.J., GREEN, J., and PADDOCK, S.J.

ELLIOTT, J.: In this Kansas Open Records Act (KORA) case, the Kansas Department of Transportation (KDOT) appeals the trial

court's order granting the Telegram Publishing Company, Inc., (Telegram) attorney fees and costs pursuant to K.S.A. 45-222(c).

We reverse.

## Relevant background

After KDOT denied a request by Telegram for access to its records on the ratings of railroad crossings in Finney County, Telegram filed this suit to enforce a request for a public record pursuant to KORA, K.S.A. 45-215 *et seq.* Summary judgment was entered in favor of Telegram. Some 11 months later, the trial court granted Telegram over $13,000 in attorney fees and costs, finding KDOT's denial of access to the records was not in good faith and the agency's position was without basis in fact or law. It is from this order that KDOT appeals.

## Standard of review

K.S.A. 45-222(c) provides:

"In any action hereunder, the court *shall* award attorney fees to the plaintiff *if* the court finds that the agency's *denial of access* to the public record was not in good faith and without a reasonable basis in fact or law. The award shall be assessed against the public agency that the court determines to be responsible for the violation." (Emphasis added.)

We stated in *Southwest Anesthesia Serv., P.A. v. Southwest Med. Ctr.*, 23 Kan. App. 2d 950, 954, 937 P.2d 1257 (1997), that the award of attorney fees pursuant to the statute then in effect was within the trial court's discretion. Since then, K.S.A. 45-222(c) has been amended. See L. 2000, ch. 156, § 4. Telegram argues the change from "may" to "shall" removes trial court discretion and makes the award of attorney fees and costs mandatory upon the requisite findings by the trial court. See *Willis v. Kansas Highway Patrol*, 273 Kan. 123, 133, 41 P.3d 824 (2002).

Accordingly, we must first determine which version of the statute applies to this case. Telegram filed its petition in October 1998, summary judgment in its favor was entered in February 2000, and Telegram filed its motion for attorney fees in May 2000. The amendment to K.S.A. 45-222(c) became effective July 1, 2000, and the trial court awarded attorney fees and costs in January 2001.

The change in K.S.A. 45-222(c) from "may" to "shall" was a procedural change, and we will review the trial court's holdings under the amended statute. See *Halley v. Barnabe*, 271 Kan. 652, 662-64, 24 P.3d 140 (2001).

We also consider K.S.A. 2001 Supp. 60-211(c), under which a trial court "shall" impose appropriate sanctions, including attorney fees, if a party signs a pleading in violation of K.S.A. 2001 Supp. 60-211(b). See *Wood v. Groh*, 269 Kan. 420, 430, 7 P.3d 1163 (2000). Violations of K.S.A. 60-211(b) include legal contentions not warranted by existing law.

The substance of K.S.A. 2001 Supp. 60-211(b) and (c), while broader than K.S.A. 45-222(c), serves the same purpose as the latter statute. Both statutes state the trial court "shall" impose sanctions when the appropriate findings are made. Accordingly, our standard of review in the present case should be the same as a review of sanctions imposed under K.S.A. 60-211(c).

Our review, then, will be for substantial competent evidence, but when the controlling facts are based on written or documentary evidence, our review is plenary. *In re Hesston Corp.*, 254 Kan. 941, 987-88, 870 P.2d 17 (1994); *Giblin v. Giblin*, 253 Kan. 240, 254, 854 P.2d 816 (1993).

Here, the trial court heard no oral testimony, and all controlling facts are based on written or documentary evidence. Our review is, thus, plenary or unlimited.

### Merits

Telegram's position before the trial court and now on appeal is that the trial court must consider KDOT's conduct during its legal defense of the action—*i.e.*, those actions taken *after* the institution of this action. The trial court agreed, ruling: "Defendants made bad faith arguments in defense of this lawsuit. There was no basis in fact or law for the defense."

But it is *not* the conduct of KDOT during the defense of this lawsuit that can potentially subject it to attorney fees pursuant to K.S.A. 45-222(c). That statute provides for attorney fees *if* the trial court finds the agency's "*denial of access* to the public record" was

not in good faith and without a reasonable basis in fact or law. (Emphasis added.)

K.S.A. 45-220 sets forth the procedures for requesting a public document. On request, K.S.A. 45-218(d) gives the custodian three options: (1) grant access to the public record within 3 business days; (2) inform the requestor that access cannot be granted within 3 business days but will be available at a later date; and (3) deny the request within 3 business days. After a denial and a demand by the requestor, the agency must provide a written statement of the grounds for the denial, citing the specific provisions of law under which access is denied.

By using the words "denial of access to the public record" in K.S.A. 45-222(c), we hold the legislature was referring to the denial of information as set forth in K.S.A. 45-218(d). Conduct of a party during litigation with respect to asserting good faith positions based on law and fact is governed by K.S.A. 2001 Supp. 60-211. See, *e.g.*, *In re Estate of Winslow*, 23 Kan. App. 2d 670, 677-78, 934 P.2d 1001 (1997).

We will, therefore, only take into consideration the conduct of KDOT when it denied Telegram *access* to the public record— *before* Telegram filed suit to enforce its KORA request. In doing so, however, 45-222(c) does not limit our inquiry to the reasons given by KDOT in its letter to Telegram explaining its denial pursuant to 45-218(d). K.S.A. 45-222(c) does not limit itself to the 45-218(d) statement of reasons for denial of access to the public record.

KDOT claims its denial was in good faith with a reasonable basis in law, relying on K.S.A. 2001 Supp. 45-221(a)(1) and 23 U.S.C. § 409 (1994).

K.S.A. 2001 Supp. 45-221(a)(1) states:

"(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:

(1) Records the disclosure of which is specifically prohibited or restricted by federal law, state statute or rule of the Kansas supreme court or the disclosure of which is prohibited or restricted pursuant to specific authorization of federal law, state statute or rule of the Kansas supreme court to restrict or prohibit disclosure."

23 U.S.C. § 409 provides:

"Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds *shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages* arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists or data." (Emphasis added.)

KDOT claims it was reasonable to deny Telegram's request for access to a public record because 23 U.S.C. § 409 is a federal statute that "restricts" the disclosure of the records at issue in the present case, even though the federal statute itself is limited to actions for damages; thus, pursuant to K.S.A. 2001 Supp. 45-221(a)(1), it was not required to grant Telegram's request for access to the records.

This appears to be an issue of first impression in Kansas. Further, neither the parties nor this court through independent research has discovered any case directly addressing this issue in any jurisdiction.

It is again appropriate to refer to case law developed under K.S.A. 2001 Supp. 60-211. In *In re Hesston Corp.*, it was said:

"Issues of first impression will arise in Kansas which have not been litigated elsewhere or which have not been litigated widely. Litigants and creative advocates must not be prevented from developing new theories or presenting new causes of action in the courts of this state merely because they are untested or have not been received favorably in some other jurisdiction. Where the weight of authority is overwhelmingly unfavorable to a litigant's position or there is controlling authority against it, there may be a question whether the claim is warranted by a good faith argument for extension, modification or reversal. Neither of those circumstances is presented here." 254 Kan. at 990.

Here, we cannot say it was unreasonable for KDOT to rely on the federal statute, combined with K.S.A. 45-222(a)(1), in denying Telegram's request for access to the public record. It was not unreasonable for KDOT to read the federal statute as restricting disclosure of the requested information. And it was not unreasonable

for KDOT to interpret K.S.A. 45-221(a)(1) as encompassing its interpretation of the federal statute.

In the present case, the trial court concluded that 23 U.S.C. § 409, in conjunction with K.S.A. 2001 Supp. 45-221(a)(1), did not give KDOT authority to deny access to the requested documents. We have no occasion to review this ruling, since it has not been appealed.

On the question presented to us, on plenary review, we hold it was not unreasonable for KDOT to rely on those statutes in denying Telegram's request for access. The trial court erred in holding otherwise and in imposing the sanction of attorney fees. The trial court also erred in considering KDOT's conduct in defending the litigation. We reverse the award of attorney fees against KDOT.

We also reverse the award of costs against KDOT for the same reasons we reverse the award of attorney fees. In addition, K.S.A. 45-222(c) only gives the trial court authority to impose attorney fees; it makes no mention of costs. There is simply no statutory or legal authority for the imposition of costs in this case.

Reversed.