John W. Campbell, General Counsel Kansas Insurance Department 420 SW 9th Street Topeka, Kansas 66612
Dear Mr. Campbell:
As General Counsel for the Kansas Insurance Department, you request our opinion whether the Kansas Open Records Act (KORA) allows the Kansas Insurance Department (KID) to restrict public access to the rate filings submitted by insurance companies when the Committee on Surety Bonds and Insurance (Committee) negotiates with bidders pursuant to K.S.A. 2006 Supp. 75-4125.
The Committee, comprised of the State Treasurer, the Attorney General and the Commissioner of Insurance, is charged with purchasing insurance and surety bonds for all state agencies.[1] The negotiation method was created by statute in 2004 and patterned after the Kansas State Employees Health Care Commission as an alternative to the traditional "sealed bid" approach to provide insurance coverage for state property.[2] The Committee may negotiate more competitive terms and conditions for a maximum term of three years.
As we understand the facts, in order for an insurance company to submit either a bid or proposal for consideration and potential negotiation, it must first file its proposed rates with KID for review and approval before any policy is issued or delivered.[3] Rate filings for coverage of state property are unique and would only be used by an insurance company preparing a bid or proposal. To illustrate, a recent request for proposal for automobile liability insurance for the Department of Transportation specifies the "rates and rating plans used in the computation of the final premiums for the policy shall have been filed with and approved by the Commissioner of Insurance pursuant to K.S.A. Ch. 40, Art. 11, prior to the bid opening."[4] After approval by KID, companies responding to the proposal are required to complete their submission on forms provided by the Department of Administration and those rates become a part of the sealed bid. You are concerned that if rate filings are open any bidder could request a copy of the proposed rate structure and know the rate portion of the bid of a competitor.
The Commissioner of Insurance has jurisdiction over all insurance companies in Kansas.[5] Insurance companies are defined in K.S.A.40-201. In order for an insurance company to conduct business in the state of Kansas it must submit its charter, bylaws and any other required documentation to the Commissioner of Insurance.[6] Prior to issuing a policy the insurance company must submit its proposed rates to the KID for review and approval.[7]
The required information about an insurance company and the rates it files for approval are expressly discussed in a statute that states "[a] filing and any supporting information shall be open to publicinspection after it is filed with the commissioner."[8] Therefore, rate filings, once in the possession of KID, are open records and subject to disclosure. The Commissioner's approval is not a necessary condition for releasing the filing information, only that the filing is made. The statute contains no language that would allow the Commissioner to close this type of record.
Next, we consider the application of the KORA to the rate filings, when submitted as a part of a bid or proposal, and whether such filings may be closed during the time period between submittal to KID and the final disposition of the bid or proposal award. The KORA applies to all public records[9] and it is the public policy of Kansas that "public records shall be open for inspection by any person unless otherwise provided, and this act shall be liberally construed and applied to promote such policy."[10] Unless closed pursuant to specific legal authority or subject to discretionary closure pursuant to K.S.A. 2006 Supp. 45-221(a), all public records are open for inspection.[11] "The burden of proving an exemption from disclosure is on the agency not disclosing the information."[12]
K.S.A. 2006 Supp. 45-221(a) lists the types of public records that are not required to be disclosed. A public agency possessing the listed types of records may decide not to make them available to persons requesting such records.[13] However, the burden of showing that a record fits within a discretionary exception rests with the party intending to prevent disclosure.[14]
As you have noted in your letter, K.S.A. 2006 Supp. 45-221(a)(28), allows for the closure of "[s]ealed bids and related documents, until a bid is accepted or all bids rejected."[15] The term "related documents" might be read to cover the rate filings that are in the possession of KID. However, we must also consider the qualifying language of K.S.A. 2006 Supp. 45-221(a) that reads "[e]xcept to the extent disclosure is otherwise required by law. . . ." Because K.S.A. 2006 Supp. 40-955(a) mandates disclosure of "[a] filing and any supporting information," the plain language of the qualification must prevail and the rate filings would remain open to public inspection, regardless that the filings are part of a bid proposal submitted to the Committee.
Bid documents as contemplated in K.S.A. 2006 Supp. 45-221(a)(28) may remain protected until a bid is accepted or all bids are rejected. The fact that some portion of the information contained in a bid or proposal exists in another record that is open does not override discretionary closure.[16]
In summary, we find that the plain language of K.S.A. 2006 Supp.40-955 acts in concert with the qualifying language of K.S.A. 2006 Supp.45-221(a) to keep a rate filing with the KID an open record even though the same information may be included in a bid or proposal submitted to the Committee on Surety Bonds and Insurance.
Sincerely,
Paul J. Morrison
Attorney General of Kansas
Michael J. Smith
Assistant Attorney General
[1] K.S.A. 2006 Supp. 75-4101(a); 75-4125.
[2] Minutes, Senate Financial Institutions and Insurance Committee, Feb. 10, 2004, Attachment 1.
[3] K.S.A. 2006 Supp. 40-955(a), as amended by L. 2007 Ch. 150 ***sect;*** 2 .
[4] Department of Administration Request for Proposal No. 10569 ***sect;*** 9 (June, 2007).
[5] K.S.A. 40-105.
[6] K.S.A. 2006 Supp. 40-216, as amended by L. 2007 Ch. 150 ***sect;*** 1.
[7] K.S.A. 2006 Supp. 40-955(a), as amended by L. 2007 Ch. 150 ***sect;*** 2.
[8] Id. Emphasis added.
[9] "Public records" are defined by K.S.A. 2006 Supp. 45-217(f) as "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency. . . ."
[10] K.S.A. 45-216(a). See also Cypress Media, Inc. v. City ofOverland Park, 268 Kan. 407, Syl. ¶ 3 (2000) and K.S.A. 45-218(e).
[11] K.S.A. 45-218(a).
[12] State Dept. of SRS v. Public Employee Relations Board,249 Kan. 163, 170 (1991).
[13] Attorney General Opinion No. 89-107.
[14] Southwest Anesthesia Serv. Southwest Med. Ctr., 23 Kan.App.2d 950
(1997).
[15] Emphasis added.
[16] This office has never offered an opinion as to whether the bid exclusion in KORA applies to proposals submitted to a procurement negotiating committee operating under K.S.A. 75-37,102 until a contract is awarded or all proposals rejected. We understand, based upon your letter, that the Division of Purchases has made such an interpretation and determined they are subject to the same requirements as sealed bids.