(257 P.3d 1239)

No. 104,490

BRAZELL BOHANON, *Appellant*, v. ROGER WERHOLTZ, *Appellee*.

Opinion filed May 13, 2011.

*Brazell Bohanon,* appellant pro se.

*Jon D. Graves,* of Kansas Department of Corrections, for appellee.

Before MALONE, P.J., BUSER, J., and BRAZIL, S.J.

BUSER, J.: Brazell Bohanon is an inmate at the Hutchinson Correctional Facility. He appeals the summary denial of his petition for writ of mandamus which he filed after being found guilty of several disciplinary offenses while incarcerated at the El Dorado Correctional Facility. We affirm the district court's decision granting summary judgment to the Secretary of Corrections, Roger Werholtz.

## FACTUAL AND PROCEDURAL BACKGROUND

While an inmate at the El Dorado Correctional Facility, Bohanon was cited in two disciplinary cases. Each case involved the alleged battery of a corrections officer and disobeying orders on May 22, 2009. Bohanon received disciplinary reports for both cases on the following day. A hearing was held 6 days later, on May 29, 2009. Evidence was presented, and Bohanon questioned the correctional officers involved. He also testified to his version of the facts in both cases. During the hearing, Bohanon never mentioned or complained about not receiving notice of the disciplinary hearing. At the conclusion of the hearing, Bohanon was found guilty of the charges, sentenced to disciplinary segregation, and fined.

Three days after the hearing, Bohanon refused to sign an acknowledgment form stating that he had received 24 hours' notice of the hearing. Bohanon claimed he never received an Inmate Disciplinary Summons form, which he asserted was a violation of K.A.R. 44-13-401(b). This regulation provides:

"Each inmate charged with an offense shall be given advance written notice of the time and place of the disciplinary hearing. This notice shall be given not less than 24 hours before the hearing. Notice shall be given by the disciplinary administrator or other responsible person designated by the warden."

Despite Bohanon's posthearing lack of notice claim, the warden approved the disciplinary convictions. Bohanon then appealed to Werholtz, who approved the warden's decision.

Bohanon filed a petition for a writ of mandamus in the Butler County District Court. In particular, Bohanon alleged he had not received a written summons to attend the disciplinary hearing as required by K.A.R. 44-13-401(b). For relief, Bohanon asked the district court to "order the removal of these charges from petitioner's disciplinary records."

Bohanon was subsequently transferred to the Hutchinson Correctional Facility. The Butler County District Court, construing Bohanon's petition as a K.S.A. 60-1501 petition, transferred the case to Reno County, where the Hutchinson Correctional Facility is located.

In Reno County District Court, Werholtz moved for summary judgment. Bohanon responded by filing motions in that district court. Subsequently, the Reno County District Court granted Werholtz' motion for summary judgment.

Bohanon timely appealed.

### DISTRICT COURT'S GRANTING OF SUMMARY JUDGMENT TO WERHOLTZ

Bohanon raises three issues on appeal regarding the district court's granting of summary judgment to Werholtz. First, he contends the district court erred by finding that his mandamus action was improper. Second, Bohanon claims error in the district court's finding that he did not respond to Werholtz' summary judgment motion. Third, Bohanon argues the district court erred in granting the summary judgment motion on the merits. Because we find our determination of the first issue raised by Bohanon is dispositive of this appeal, we decline to address the remaining two issues.

"When considering an appeal from an order of summary judgment, an appellate court applies the same summary judgment rules as does a district court." *Frick v. City of Salina,* 290 Kan. 869, Syl. ¶ 4, 235 P.3d 1211 (2010). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. 290 Kan. 869, Syl.

¶ 5. In the present case, the facts material to making a determination of the propriety of a mandamus action are clear and undisputed. As a result, our review is de novo. *Adams v. Board of Sedgwick County Comm'rs*, 289 Kan. 577, 584, 214 P.3d 1173 (2009).

The district court granted summary judgment to Werholtz, in part, upon its finding that "[m]andamus is not a proper remedy to use under the facts of this case because there is an adequate remedy of law which has not been exhausted, found in the habeas corpus statute." On appeal, Bohanon disagrees: "The petitioner had no need to show that his remedy through the habeas corpus statute was adequate or inadequate, due to the fact that the Petitioner did not ever argue 'due process' anywhere" in his petition for a writ of mandamus. For his part, Werholtz counters that Bohanon "has an adequate remedy at law in the Habeas Corpus statute, K.S.A. 60-1501, and [Bohanon] refuses to use that mechanism or explain why it is not adequate."

Preliminarily, we address Bohanon's factual claim that he never raised due process of law in his petition. In the first paragraph of his petition, Bohanon sought relief under applicable state statutes, the Kansas Constitution Bill of Rights, and "U.S. Constitutional amendment." When discussing his right to prior written notice of the disciplinary hearing, Bohanon cited to K.A.R. 44-13-401(b). He also claimed the Kansas Department of Corrections Internal Management Policy and Procedures Manual relating to policies and procedures in disciplinary hearings provided that the manual "facilitates *due process rights*." In short, Bohanon's petition did reference, in part, his due process right to obtain prior written notice of the disciplinary hearing.

Mandamus is a "proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801.

Mandamus is "not a common means of obtaining redress, but is available only in rare cases, and as a last resort, for causes which are really extraordinary." *State ex rel. Stephan v. O'Keefe*, 235 Kan.

1022, 1024, 686 P.2d 171 (1984). Further, mandamus is not the correct action where " ' "a plain and adequate remedy at law exists." ' [Citation omitted.]" *Willis v. Kansas Highway Patrol*, 273 Kan. 123, 128, 41 P.3d 824 (2002).

A plain and adequate remedy for Werholtz' alleged violation of Bohanon's right to prior written notice is found in K.S.A. 60-1501. See *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211, *rev. denied* 256 Kan. 996 (1994). Bohanon did not file a K.S.A. 60-1501 petition. Although the record suggests otherwise, Bohanon believes that he did not argue a constitutional violation and, therefore, he can avoid the "adequate remedy" bar to his mandamus petition. But it is Bohanon's burden to show that K.S.A. 60-1501 did not provide him with an adequate remedy under the circumstances. Given Kansas case law addressing K.S.A. 60-1501 petitions routinely filed by Kansas inmates alleging noncompliance with the rules and regulations of the Department of Corrections in disciplinary proceedings, Bohanon has not met this burden. See *Miller v. McKune*, 38 Kan. App. 2d 810, 174 P.3d 891 (2006). We consider Bohanon's complaint as not extraordinary but rather ordinary and well-suited for determination in the context of a K.S.A. 60-1501 proceeding.

Accordingly, we hold the district court did not err in summarily dismissing Bohanon's petition for a writ of mandamus because a plain and adequate remedy at law existed as provided under K.S.A. 60-1501.

### TRANSFER OF VENUE

Bohanon next claims the Butler County District Court erred in ordering a transfer of venue without giving him prior notice or an opportunity to oppose the transfer.

Werholtz counters:

"While the better practice might have been for the court to at least propose changing venue, the fact that the court did not do so and instead transferred the case with the body of the petitioner to his new housing location was not an arbitrary or capricious action and did not represent an abuse of discretion. Further, if that was a matter about which [Bohanon] was concerned, he should have raised the issue and preserved it for appellate review."

A change of venue rests largely in the discretion of the trial court. *Fredricks v. Foltz*, 221 Kan. 28, 33, 557 P.2d 1252 (1976).

Bohanon's case was transferred from Butler County to Reno County in September 2009. The basis for the transfer was Bohanon's move to Hutchinson Correctional Facility in Reno County. In transferring the case, the Butler County District Court held this action was mandated by K.S.A. 60-1501(a). K.S.A. 60-1501(a) actions should be heard in the county "in which such restraint is taking place." As discussed earlier, however, Bohanon's petition was not based on K.S.A. 60-1501.

K.S.A. 60-610 provides: "Objection to the venue of an action shall not be allowed except on timely motion made and for grounds established before trial of the action is commenced on the merits." If an objection to venue is not raised in a motion or responsive pleading, it is waived. K.S.A. 60-212(h). In the present case, Bohanon never objected to the change of venue in either the Butler or Reno County District Courts. His failure to object results in a waiver of his right to object.

On appeal, Bohanon claims he did not have advance knowledge of the venue transfer, and that if he had, he "would have been able to respond to such motion and comply with K.S.A. 60-610 (2009), Time for objection to venue." The record shows that a copy of the order to transfer venue was sent to Bohanon at the Hutchinson Correctional Facility. Moreover, the inmate knew of the transfer prior to the district court's judgment because he hand-wrote "In the District Court of Reno County" on several filings and, in one instance, even mentioned his recent move to the Hutchinson facility. These filings show that Bohanon was aware of the venue transfer yet made no objection to it until the time for objection expired.

Accordingly, we hold that Bohanon acquiesced to the venue transfer and waived his right to object to it. Additionally, it is a well-settled general rule that issues not raised before the trial court may not be raised on appeal. *In re Care & Treatment of Miller*, 289 Kan. 218, 224-25, 210 P.3d 625 (2009). The district courts involved in the transfer never had the opportunity to rule on Bo-

hanon's objection. For these reasons, Bohanon's claim of error is not properly before us.

## JUDICIAL MISCONDUCT CLAIM

For the first time on appeal, Bohanon contends the district court judge who sustained Werholtz' motion for summary judgment was prejudiced against him and committed judicial misconduct. Appellate courts have unlimited review over allegations of judicial misconduct. *State v. Kirkpatrick*, 286 Kan. 329, 348, 184 P.3d 247 (2008).

Bohanon's claim is based on a letter purportedly sent to him from the district court judge and from rumors Bohanon heard about an acquaintanceship between the judge and defense counsel. According to Bohanon, the letter from the judge advised him that he was returning exhibits that Bohanon had sent to the court for filing because the matter was on appeal and the exhibits were not a part of the case at the time the district court entered its judgment. Werholtz counters that this issue was not preserved for appellate review, the record does not establish a factual basis for the letter, and Bohanon did not comply with the relevant statutes relating to disqualification of a judge.

There are two reasons why Bohanon's claim of judicial misconduct fails. First, Bohanon did not raise this issue before the district court. As noted earlier, as a general rule, issues not raised before the trial court may not be raised on appeal. *Care & Treatment of Miller*, 289 Kan. at 224-25. Second, the letter referenced by Bohanon was not included in the record on appeal. There was also no evidence in the record establishing any rumors, let alone facts, of any improper relationship between the district judge and defense counsel. "An appellant has the burden to designate a record sufficient to establish the claimed error; without such a record, the claim of error fails." *Kelly v. VinZant*, 287 Kan. 509, 526, 197 P.3d 803 (2008). For both of the reasons mentioned, Bohanon has failed to show any judicial misconduct.

## MOTION FOR RECONSIDERATION

Finally, Bohanon contends the district court erred in denying his motion for reconsideration. In denying the motion, the district

court ruled that Bohanon "fails to persuade the Court that the original judgment entered in the case was in error." Our review of Bohanon's motion for reconsideration reveals that he simply restated arguments made earlier to the district court. As discussed previously, those arguments were insufficient to merit any relief from the summary judgment order. We find no error.

Affirmed.