NOT DESIGNATED FOR PUBLICATION

No. 113,777

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TOMMY MAY,
*Appellant*,

v.

REX PRYOR, Warden, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed January 29, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON, J., and WALKER, S.J.

*Per Curiam*:  Tommy May appeals the district court's summary denial of his petition for a writ of mandamus on the ground that mandamus is not an appropriate remedy for an inmate aggrieved by a disciplinary sanction. Finding no error, we affirm.

In August 2014, Ellsworth Correctional Facilities (ECF) authorities learned from a confidential informant that May had committed battery of another inmate, who had been discovered that morning with numerous injuries. After a disciplinary hearing, the hearing officer found May guilty and imposed sanctions of 24 days in disciplinary segregation and 21 days of restricted privileges. May appealed to the Secretary of the Department of Corrections (DOC) on the grounds that there was insufficient evidence to support the

1

finding that he had committed the battery, but the Secretary approved the decision on November 18, 2014.

On December 12, 2014, May filed a petition for writ of mandamus pursuant to K.S.A. 60-801. May claimed that the hearing officer failed to follow the regulations applicable to the officer's reporting the alleged battery, investigating it, apprehending May, and conducting the disciplinary hearing. He also asserted there was insufficient evidence to show that he had committed the battery. On January 8, 2015, the district court filed a memorandum decision denying the petition and noting that mandamus relief is an extraordinary remedy available only when there is no ordinary remedy; the district court found that May could have sought relief under K.S.A. 60-1501. The district court also found that even if it were to liberally construe May's pleading as a K.S.A. 60-1501 petition, it would fail on the merits because May was not deprived of a constitutionally protected interest. Accordingly, the court denied May's petition. He timely appealed.

"'Whether mandamus lies is dependent upon an interpretation of the applicable procedural and substantive statutes, over which this court has unlimited review. [Citations omitted.]'" *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 443, 172 P.3d 1154 (2007). K.S.A. 60-801 provides:  "Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." Yet "[m]andamus is 'not a common means of obtaining redress, but is available only in rare cases, and as a last resort, for causes which are really extraordinary.' [Citation omitted.]" *Bohanon v. Werholtz*, 46 Kan. App. 2d 9, 12-13, 257 P.3d 1239 (2011). "Mandamus is not appropriate where '"a plain and adequate remedy at law exists."' [Citation omitted.]" *Willis v. Kansas Highway Patrol*, 273 Kan. 123, 128, 41 P.3d 824 (2002).

We have previously ruled, as the district court did here, that mandamus is not an appropriate remedy for constitutional due process violations during the DOC disciplinary process. See, *e.g., Bohanon*, 46 Kan. App. 2d at 12-13. The "plain and adequate remedy at law" for such a violation lies in K.S.A. 60-1501, which we have described as "a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution. [Citations omitted.]" See *Safarik v. Bruce*, 20 Kan. App. 2d 61, 67, 883 P.2d 1211, *rev. denied* 256 Kan. 996 (1994). May's petition for mandamus, in its own words, "hangs on the claim that petitioner's due process rights have been violated." Thus, the district court correctly ruled that the appropriate avenue for relief was K.S.A. 60-1501, not mandamus.

May argues that relief under K.S.A. 60-1501 is not available to him because, as the district court noted, the sanctions he suffered would not allow a successful K.S.A. 60-1501 petition. It is true that "[t]o gain court review of a prison disciplinary sanction, the inmate's claim under K.S.A. 60-1501 must assert the deprivation of some constitutionally protected interest. Otherwise, the petition may be summarily dismissed. [Citations omitted.]" *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 504-05, 238 P.3d 328 (2010). Neither the loss of privileges nor disciplinary segregation—the sanctions imposed here—rise to the level of a deprivation of a constitutionally protected interest. See 44 Kan. App. 2d at 505 (stating disciplinary segregation does not implicate a constitutionally protected interest); *Walling v. Riggin*, No. 112,052, 2015 WL 3875085, *5-6 (Kan. App. 2015) (unpublished opinion) (citing *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265, *rev. denied* 262 Kan. 962 [1997], as stating same for loss of privileges), *rev. denied* ___ Kan. ___ (September 14, 2015). Therefore, as the district court ruled below and May acknowledges now, a K.S.A. 60-1501 petition brought as a result of these disciplinary proceedings would have failed.

Likelihood of success, however, does not determine the appropriate avenue for relief. May's complaints are best suited for determination in the context of a K.S.A. 60-

1501 proceeding. Accordingly, we hold that the district court did not err in summarily denying May's petition for a writ of mandamus.

Affirmed.