NOT DESIGNATED FOR PUBLICATION

No. 114,260

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HOMER E. MYERS,
*Appellee*,

v.

KARRI M. MYERS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Miami District Court; RICHARD M. FISHER, JR., judge pro tem. Opinion filed May 27, 2016. Affirmed.

*Gregory C. Wells*, of Wells Law Firm, of Overland Park, for appellant.

*Steven A. Jensen*, of Paola, for appellee.

Before GARDNER, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*: Homer and Karri Myers were divorced in 2015. During the trial, a dispute arose as to whether a house and land belonged exclusively to Homer pursuant to a prenuptial agreement or whether a subsequent deed adding Karri to the title gave her legal claim to the property. The district court held that the prenuptial agreement controlled and Karri had no claim. She appeals from that decision.

We find the district court did not err in holding the property belonged exclusively to Homer pursuant to the prenuptial agreement, and affirm the judgment.

1

*Factual and Procedural Background*

Homer and Karri were married in September 1992. Homer filed for divorce in May 2014.

Shortly before marrying, Homer and Karri signed a prenuptial agreement specifying how their property would be divided in the event of death or divorce. If Homer died before Karri, Homer's property would pass to his heirs but Karri would have the option to purchase his house and land by paying half of the fair market value to Homer's children. In the event of divorce, all property each person owned before the marriage would remain individual property but any property acquired during the marriage would be divided 50/50. The agreement also granted each party the right to transfer any or all of his or her separate, premarriage property by will, deed, or other means during the marriage without the other's approval.

As part of the divorce proceedings, Karri contested the validity and enforceability of the prenuptial agreement. After a hearing, Judge Amy Harth held the prenuptial agreement was valid and enforceable because Karri had failed to prove, as required by statute, that she (1) had not been provided a fair and reasonable disclosure of Homer's property or financial obligations, (2) had not voluntarily and expressly waived the right to a disclosure, or (3) had not or could not have had an adequate knowledge of Homer's property or financial obligations. This ruling is not at issue in this appeal.

The district court scheduled a hearing on the divorce and division of property for June 8, 2015. Judge Harth was unavailable, so attorney Richard Fisher served as district judge pro tem for the proceeding.

A dispute arose during the trial over ownership of the house and accompanying land which Homer had owned before the marriage. Under the terms of the prenuptial

agreement, Karri would not have any legal right or claim to the property because it belonged to Homer before the marriage. However, in 2012 or 2013, Homer had added Karri's name to the property's deed.

At trial, Karri's attorney sought to introduce the deed into evidence to prove Karri had a claim to the property and that it should be divided fairly and equitably in the divorce. Homer's attorney objected to admission of the deed because Karri had failed to comply with pretrial discovery and disclosure procedures requiring her to provide a copy of the deed to Homer prior to trial.

The trial judge asked whether there had been a pretrial conference, and Homer's attorney replied that there had been. The record on appeal contains no transcript of any pretrial conference, and apparently no pretrial order was ever filed which would have controlled what issues could be raised or what evidence could be introduced. However, in her pretrial questionnaire filed in September 2014, Karri had specifically stated: "The homestead is being given entirely to Homer as it is 'carved out' for him in the prenuptial agreement." Karri did not subsequently advise Homer in her response to Homer's discovery requests, which her attorney delivered to Homer just days before trial, that she would present the deed at the trial. The trial judge sustained Homer's objection and the deed was not admitted into evidence.

Karri was allowed to testify that her name was on the deed and she was now seeking an equitable division of the property. Homer testified in rebuttal during which his attorney requested that the trial court make a determination regarding the house and land. The judge noted again that the deed itself had been excluded due to Karri's failure to respond to Homer's request for documents to be presented at trial, and that the only evidence was her testimony. Homer was allowed to testify as to the circumstances and intentions surrounding the execution of the deed, but the trial court did advise the testimony might be "irrelevant and immaterial according to the [prenuptial] agreement

3

and the discovery that's been had and the pretrial questionnaire." Karri's attorney did not cross-examine Homer about the house or deed nor did he call Karri to rebut any of Homer's testimony.

The trial judge did not issue a ruling from the bench regarding the division of property but instead issued a written decision on June 24, 2015. He found the prenuptial agreement controlled and established Homer would retain the house and land in his name alone:

> "7. The division of the real estate of the parties hereto is argued to the Court as follows:
>> "a. [Karri] argues that the real estate i.e. the house and nine (9) acres should be subject to division by the Court because it is the homestead of the parties and that it be set over [to her] herein, or in the alternative, the equity be divided equally between the parties. [Homer's] argument to the Court is that the disposition of the real estate is subject to the prenuptial agreement . . . .
>> "b. The Court cannot entertain [Karri's] argument because the home and nine acres [are] not subject to division as requested by [her]. Said real estate is set over to [Homer] pursuant to the prenuptial agreement executed by the parties herein."

The divorce decree filed on June 26, 2015, likewise provided the house and land belonged to Homer, free from any claim by Karri. Karri timely appealed.

*The District Court Did Not Err in Awarding the House and Land to Homer*

Karri argues on appeal that the district court should not have awarded sole ownership of the house and land to Homer. She claims the district court failed to honor the terms of the prenuptial agreement which gave Homer the right to give away part or all of his separate property. She takes the position that the court should have recognized the deed adding Karri's name to the title and divided the property equitably between them.

4

Homer counters we should not even consider Karr's argument because she failed to include the deed in the record on appeal and she did not properly preserve the issue by proffering the deed at trial. Significantly, Homer argues Karri did not even properly raise the issue before the trial court.

We first note that the district court could and did properly exclude the deed from the evidence. K.S.A. 60-461 provides that certain written documents, including a deed, are admissible only if the party offering it delivered a copy to the other party within "a reasonable time before trial unless the judge finds that such adverse party has not been unfairly surprised by the failure to deliver such copy." See K.S.A. 2015 Supp. 60-460(q). Karri failed to provide Homer a copy of the deed before trial. Whether to admit and consider the deed despite Karri's failing to follow procedure was a matter for the district court's discretion. See *Pacific Indemnity Co. v. Berge*, 205 Kan. 755, 764-65, 473 P.2d 48 (1970) (not abuse of discretion to exclude evidence when party failed to comply with K.S.A. 60-461). A district court only abuses its discretion when no reasonable person would agree with its view or its decision is based on an error of fact or law. *Wiles v. American Family Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). The district court could reasonably conclude that Homer had been unfairly surprised by the deed at trial. In her pretrial questionnaire, Karri's attorney specifically wrote, "The homestead is being given entirely to Homer as it is 'carved out' for him in the prenuptial agreement." Karri made no later attempts to inform Homer she would dispute ownership of the home and land before trial. We find no abuse of discretion in excluding the deed under these circumstances.

After the district court ruled on exclusion of the deed, Karri made no attempt to proffer the documentary evidence to preserve the proposed deed in the trial record. She also failed to include the deed itself in the record on appeal. Homer correctly suggests Karri has failed to provide an adequate record to support her claim. It is well settled that the burden is on a party to designate a record sufficient to present its points to the

5

appellate court and to establish its claims; without such a record, the claim of error fails. See *Freidman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013); *Romkes v. University of Kansas*, 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014); *Bohanon v. Werholtz*, 46 Kan. App. 2d 9, 15, 257 P.3d 1239 (2011).

Here, the parties agreed Homer had signed a deed adding Karri to the title, so the existence of the excluded deed is not in question. But the legal effect of the deed is in question, and the exact terms and form of the physical document are not before us. However, even if we had a copy of the actual deed in the record on appeal, we still could not evaluate the legal effect of the deed because the district court made no factual findings about it. The district court's decision of division of marital estate does not mention the excluded deed, nor explain why it disregarded the deed. Under Supreme Court Rule 165 (2015 Kan. Ct. R. Annot. 257), district court judges have the primary duty to provide adequate findings and conclusions on the record of the court's decision on contested matters. A party, however, must object to inadequate findings of fact and conclusions of law to preserve an issue for appeal. Such objections necessarily give the district court an opportunity to correct any alleged deficiencies. See *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). When a party fails to object, the appellate court can presume that the district court found all facts necessary to support its judgment. But if the record on appeal does not support such a presumption, and the lack of specific findings precludes meaningful review, an appellate court can consider a remand. See *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012).

Here, Karri failed to object to any inadequacy of the district court's factual findings. The record in this case is sufficient to support the presumption the district court found all facts necessary to support its judgment, based on the admitted evidence, particularly the prenuptial agreement. The district court had properly excluded the deed from evidence by making a ruling on the trial record. We know of no requirement that the

district court must reiterate such exclusionary ruling or further refer to the excluded evidence in its subsequent final order of property division.

We conclude that the district court did not err in determining the prenuptial agreement controlled the division of property and Homer owned the house and land.

Affirmed.