NOT DESIGNATED FOR PUBLICATION

No. 114,973

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY SMITH,
*Appellant*,

v.

REX PRYOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed September 30, 2016. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Sherri Price*, legal counsel, of Lansing Correctional Facility, for appellee.

Before MALONE, C.J., SCHROEDER, J., and WALKER, S.J.

*Per Curiam*: Anthony Smith appeals the district court's summary dismissal of his petition for a writ of habeas corpus pursuant to K.S.A. 2015 Supp. 60-1501. We affirm the district court's judgment.

The record on appeal in this case is sparse. Smith is an inmate at the Lansing Correctional Facility (Lansing) and he appears to be serving an indeterminate sentence of 10 to 40 years' imprisonment. In July 2013, Smith filed a Kansas Department of Corrections (KDOC) inmate grievance form complaining that his "sentence begins date"

1

was incorrect. On July 15, 2013, Lansing's Warden Rex Pryor responded to Smith's grievance and explained why the computation of his "sentence begins date" was accurate.

Smith received another memorandum from Pryor dated June 11, 2014. This memorandum stated that a sentence computation grievance was part of the classification decision making process and not subject to the grievance procedure under K.A.R. 44-15-101a(d)(2). The memorandum concluded that no action could be taken on Smith's complaint through the grievance process.

On September 29, 2014, Smith filed a second KDOC inmate grievance form, this time complaining that his conditional and maximum release dates were incorrect. Smith's unit team responded to his second grievance on October 16, 2014, and informed Smith that the sentence computation unit had confirmed both dates were accurate. Also, Pryor notified Smith on October 20, 2014, that his second grievance was repetitive because his sentence computation had been thoroughly addressed in his first grievance.

Meanwhile, on October 16, 2014, Smith filed an appeal of his grievance to the Secretary of Corrections. Smith labeled the grievance as a "[s]pecial kind of problems" grievance under K.A.R. 44-15-201(a) and again alleged that his conditional and maximum release dates were incorrect. On October 20, 2014, the Secretary of Corrections notified Smith that his grievance could be handled internally because it was not a "[s]pecial kind of problems" grievance pursuant to K.A.R. 44-15-201.

On March 11, 2015, Pryor notified Smith that his grievance # AA20150302 was being denied. This third grievance is not included in the record on appeal. Pryor's memorandum stated that Smith's grievance about his sentence computation had been addressed in a prior grievance, his current grievance was repetitive, and no further grievances regarding his sentence computation would be accepted.

On April 27, 2015, Smith filed yet another KDOC inmate grievance form (his fourth) complaining that the prison staff had not explained to him the proper process for filing a sentence computation grievance. On May 7, 2015, Pryor sent a memorandum to Smith informing him that the June 11, 2014, memorandum stating that the grievance process could not be used for sentence computation complaints was issued in error. However, Pryor explained that Smith's grievance concerning his sentence computation had been accepted and thoroughly explored and no further action was deemed necessary.

On May 11, 2015, Smith filed an appeal of his latest grievance to the Secretary of Corrections. On May 14, 2015, the Secretary of Corrections denied the appeal and found that the prison staff's response to the grievance had been appropriate.

On June 17, 2015, Smith filed a petition for a writ of habeas corpus pursuant to K.S.A. 2015 Supp. 60-1501 in Leavenworth County District Court and it was assigned case No. 2015CV188. In the petition, Smith alleged that Pryor was unlawfully depriving him of his liberty based on Pryor's handling of the various grievance forms. The district court summarily dismissed Smith's petition on June 30, 2015. The district court found that Smith had filed a prior 60-1501 action (case No. 2014CV414) regarding the computation of his sentence and this issue had been litigated, ruled on, and was now on appeal. Because the issue already had been litigated in the prior case, the district court found that Smith was "not entitled to any further relief than was sought before" and summarily dismissed the petition. Smith timely appealed.

We note from a review of our court's records that Smith's appeal from case No. 2014CV414 was docketed with this court on February 27, 2016, and assigned appellate court case No. 115,336. That appeal was dismissed on May 12, 2016, based on Smith's failure to file a brief. However, on August 22, 2016, the appeal was reinstated by this court and ordered to be expedited.

3

In this present appeal, Smith claims that the district court "erred by summarily dismissing [Smith's] application for writ of habeas corpus." To state a claim for relief under 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "If, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from unconvertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2015 Supp. 60-1503(a). An appellate court exercises unlimited review of a district court's summary dismissal of a 60-1501 petition. *Johnson*, 289 Kan. at 649.

We reject Smith's present appeal for two reasons. First, the appeal is inadequately briefed. For the sake of completeness, we will set forth the "Arguments and Authorities" section of Smith's brief in its entirety:

> "When a District Court summarily dismisses a habeas petition, this Court's standard of review is unlimited. Bellamy v. State, 285 Kan. 345, 172 P.3d 10 (2007).
> "The District Court summarily dismissed this action on the mistaken assumption that petitioner was attempting to re-litigate his claim previously raised in Leavenworth County District Court Case Number 14CV414 (currently on appeal). To be sure, the earlier case concerned petitioner's claim that the respondent had not correctly computed his sentence in that he was not assessed enough delinquent time lost on parole. The gravamen of this case however is the denial of due process to petitioner by respondent's refusal to consider and process his grievances on his sentence computation. The issues are factually and legally separate and distinct and the District Court erred in summarily dismissing this case without an evidentiary hearing."

Smith's two-paragraph brief is inadequate to convince us that the district court erred by summarily dismissing his petition. If anything, Smith's brief argument leads us to conclude that the outcome of both appeals turns on whether the KDOC has correctly

4

calculated Smith's release date. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). Moreover, failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015).

Second, Smith has failed to designate a sufficient record to support his argument. Smith's argument is very narrow. He does not ask this court to evaluate the merits of his K.S.A. 2015 Supp. 60-1501 petition. Rather, he only argues that the district court erred because the petition in this case does not raise the same issues as his petition in case No. 2014CV414. However, Smith's 60-1501 petition in 2014CV414 is not included in the record on appeal. Thus, it is impossible for our court to determine whether Smith's petition in this case raises the same issues as his petition in 2014CV414.

The party making a claim on appeal has the burden to designate facts in the record to support that claim. *Bohanon v. Werholtz*, 46 Kan. App. 2d 9, 15, 257 P.3d 1239 (2011). Without such a record, the claim of error fails. 46 Kan. App. 2d at 15. Because we cannot evaluate whether Smith's petition in this case raises the same issues that were litigated and ruled on in 2014CV414, his claim that the district court erred when it summarily dismissed his petition fails.

Affirmed.