NOT DESIGNATED FOR PUBLICATION

No. 116,063

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY S. SMITH,
*Appellant*.

## MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 9, 2018. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

LEBEN, J.: Anthony Smith appeals the district court's denial of his motion to order the district court clerk to send his "criminal history information" to the Kansas Department of Corrections. On appeal, he argues that a Kansas statute, K.S.A. 22-4709, authorizes the district court clerk to make copies of those records and send them to the Department of Corrections.

But the order he's asking for—ordering a public official to perform some specific duty—is available only when the law clearly requires the official to act. Here, the statute

Smith cites, K.S.A. 22-4709, provides only that criminal-history records held by state officials may be inspected at their offices. That statute specifically says that the official is *not* required to make copies of the record. Since this type of order is appropriate only when the law clearly requires an official to act, the district court correctly denied Smith's motion.

Smith wants the records because he contends the Department of Corrections has miscalculated the time he must serve in prison. His situation is complicated because he has been sent back to prison from parole more than once and he has received new prison sentences over the same time period.

He first entered prison in the early 1980s and was granted parole in 1991. *Smith v. Roberts*, No. 115,336, 2017 WL 1367053, at *1 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. 1320 (2017). But in 1993, he absconded while on parole—and was also arrested and charged with several new crimes. See *Roberts*, 2017 WL 1367053, at *1. Smith pleaded guilty to his new charges and the court imposed a three- to ten-year sentence on the new crimes. That term was added to his sentences from previous convictions for a total sentence of 10 to 40 years. *Roberts*, 2017 WL 1367053, at *1.

Smith was granted parole in 1995, again absconded, and was rearrested in 1996. A decade later, in November 2006, he was paroled again. But in 2010, he was charged and convicted for aggravated battery. He was sentenced to 18 months in prison on this latest conviction, to be served consecutive to his total sentence of 10 to 40 years. *Roberts*, 2017 WL 1367053, at *1.

Smith contends that the records available to the Department of Corrections don't reflect the date he was arrested in 1993 after absconding. Without that information, he contends, the Department of Corrections can't properly calculate the date he should be released from prison. Smith argues that this error has resulted in his detention being

prolonged by four years and that he is being held unlawfully. So Smith filed a "Motion to the Court" in Sedgwick County, asking the court to order the court clerk to send "certified Court documentation to reflect correct Criminal History Record Information" to the Kansas Department of Corrections.

The district court denied Smith's motion. Smith then appealed to our court.

Smith seeks a court order requiring the court clerk to send certain records to the Department of Corrections. On appeal, both parties recognize that Smith seeks what courts call a writ of mandamus—an order that some public official or lower court perform a specified legal duty. See K.S.A. 60-801; *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 907, 179 P.3d 366 (2008). Someone seeking an order (or writ) of mandamus must show that the public official has a clear legal duty to act. See *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 620, 244 P.3d 642 (2010). Whether to issue a mandamus order here depends on statutory provisions about the duties of the official involved; we review statutory-interpretation issues independently, with no required deference to the district court. *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 443, 172 P.3d 1154 (2007); accord *Svaty*, 291 Kan. at 620.

In support of his position, Smith cites K.S.A. 22-4709. Under subsection (a), it provides that "any person" or that person's attorney "may inspect and challenge criminal history record information maintained by a criminal justice agency concerning themselves." The district court is a criminal-justice agency under that statute, see K.S.A. 2017 Supp. 22-4701(c)(3), so Smith has shown a clearly established right for his attorney to inspect records about him at the court clerk's office.

But what Smith seeks is an order that the clerk copy records and send them to the Department of Corrections. And subsection (b) of K.S.A. 22-4709 shows that the clerk does not have that duty—at least under this statute. Subsection (b) provides: "Nothing in

3

this section requires a criminal justice agency to make a copy of any information or allows a person to remove any document for the purpose of making a copy of it. A person having the right of inspection may make notes of the information." So the law Smith has cited does not require the clerk to do what he asks. And without a clearly defined duty, courts will not issue a writ of mandamus.

We do not mean to suggest that Smith's need for accurate records of the time he has spent in jail or prison on his sentences is unimportant. But mandamus is an extraordinary remedy that's only available in very limited circumstances. See *Bohanon v. Werholtz*, 46 Kan. App. 2d 9, 12, 257 P.3d 1239 (2011).

That leads us to another reason the district court may properly deny mandamus in cases like this one: mandamus is not appropriate when the requesting party has other adequate remedies available. *Willis v. Kansas Highway Patrol*, 273 Kan. 123, 128, 41 P.3d 824 (2002); *Bohanon*, 46 Kan. App. 2d at 13. Smith's ultimate claim is that the Department of Corrections hasn't accurately calculated his sentence. As a general matter, under K.S.A. 60-1501, inmates can challenge the Department of Corrections' sentence calculation by filing a motion in the county where they are imprisoned. See, e.g., *Hooks v. State*, 51 Kan. App. 2d 527, 528-29, 349 P.3d 476 (2015). Once an inmate files that habeas corpus petition under K.S.A. 60-1501, the district court can order all court records be supplied to the inmate at no charge. K.S.A. 22-4506(c).

In Smith's case, we cannot say whether a K.S.A. 60-1501 petition remains available as a means for him to raise the underlying sentence-calculation issue. He has brought such a habeas claim before. The district court denied relief, and we affirmed that judgment. See *Smith*, 2017 WL 1367053, at *1. As our court noted in that appeal, Smith had raised administrative claims in the Department of Corrections saying that he hadn't been awarded credit for all the time he spent in custody after his arrest as an absconder. But our court noted that he also was in custody for some of the time on federal charges.

We also stated that the record then before us "contain[ed] ample evidence regarding [the] dates" of his arrest on absconder warrants. 2017 WL 1367053, at *1. And we ultimately concluded in that appeal that Smith had failed to exhaust (or take full advantage of) the administrative procedures available to him within the Department of Corrections. 2017 WL 1367053, at *4. Given that history, we express no opinion as to whether Smith can raise the underlying claim about his sentences by filing a new habeas claim under K.S.A. 60-1501.

We need not made that determination, however, to decide this appeal. Mandamus is available only when the public official has a clearly defined legal duty to act. Smith has not cited any authority clearly requiring the district court clerk to send records to the Department of Corrections under the circumstances found here.

We therefore affirm the district court's judgment.