NOT DESIGNATED FOR PUBLICATION

No. 122,022

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH E. FROST,
*Appellant*,

v.

MARTY SAUERS, et al.,
*Appellees*.


MEMORANDUM OPINION

Appeal from Ellsworth District Court; CAREY L. HIPP, judge. Opinion filed May 29, 2020.
Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, Ellsworth Correctional
Facility, for appellees.


Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.


PER CURIAM: Kenneth E. Frost appeals from the Ellsworth County District Court's
denial of his petition for habeas corpus relief under K.S.A. 60-1501 challenging how the
Department of Corrections has calculated his prison sentences. The district court
summarily dismissed the petition, finding the issue to have been fully litigated on the
merits in an earlier action Frost brought—and lost—seeking a writ of mandamus. We
find issue preclusion to be inapplicable. But the district court reached the correct result
because Frost's underlying legal theory is wrong. We, therefore, affirm. See *State v.*

1

*Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019) (district court may be affirmed if right for wrong reason).

Frost, an inmate at the state prison in Ellsworth, was sentenced to an indeterminate term of 3 to 10 years in a Jefferson County case in 1990 and to an indeterminate term of 5 to 20 years in a Pawnee County case in 1992. At some point, Frost received a conditional release from prison. But he failed to mend his ways. In 2005, he was successfully prosecuted in Johnson County in a new case; the district court sentenced him to serve a determinate term of 204 months in prison consecutive to the time remaining on his two earlier convictions.

For purposes of considering Frost for another early release, the Department of Corrections has aggregated the two indeterminate sentences into a single term of 8 to 30 years, a determination he does not challenge. Frost hit the conditional release date on that aggregated sentence in 2008, so the Department of Corrections considered him to be starting to serve the consecutive sentence from Johnson County.

In May 2018, Frost filed a petition for a writ of mandamus in the district court seeking an order to the Department of Corrections to acknowledge he had completed his indeterminate 8- to 30-year sentence. Frost's theory was that as a matter of law he could not begin serving the consecutive sentence from Johnson County unless he had fully served the earlier sentences. Otherwise, he reasoned, they would not be consecutive. The district court denied the petition, and Frost appealed.

This court affirmed. *Frost v. Norwood*, No. 119,975, 2019 WL 1499156, at \*6 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1061 (2019). Under K.S.A. 60-801 et seq., a writ of mandamus is considered an extraordinary remedy that typically will be granted against a government official only to require the performance of a clear duty that is functionally ministerial rather than discretionary. See *Landrum v. Goering*, 306

2

Kan. 867, 870, 397 P.3d 1181 (2017) (extraordinary remedy); *Schmidtlien Electric, Inc. v. Greathouse*, 278 Kan. 810, 833, 104 P.3d 378 (2005) (mandamus inappropriate to require performance of act "involv[ing] the exercise of discretion" or to enforce right "in substantial dispute"). And parties commonly cannot obtain relief by mandamus if they have other legal remedies at their disposal. *Bohanon v. Werholtz*, 46 Kan. App. 2d 9, Syl. ¶ 3, 257 P.3d 1239 (2011).

In light of those principles, the court found Frost's legal theory did not rest on a clear, undisputed right or duty and, therefore, mandamus constituted an inappropriate vehicle for pressing his claim. The court pointed out that Frost could assert the claim in a petition under K.S.A. 2018 Supp. 60-1501. *Frost*, 2019 WL 1499156, at *5. On that basis, the court affirmed the dismissal of Frost's mandamus action. The court, however, never ruled on the merits of the underlying argument Frost made about the DOC's handling of his sentences.

Taking the cue from that opinion, Frost filed this action. As we have indicated, the district court dismissed this 60-1501 petition on the grounds that the issue had been resolved against Frost in the mandamus case. Frost has now appealed that ruling.

We see no disputed facts bearing on the district court's conclusion or affecting our review. So we functionally address a question of law and owe no particular deference to the district court. See *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011) (absent disputed facts, issue may be resolved on appeal as matter of law without deferring to district court's determination).

We start where the district court concluded—with the doctrine of issue preclusion. In *Belden*, this court explained that issue preclusion or collateral estoppel "binds a party to a factual determination made in a case as an integral part of a judgment when the same issue comes up in a successive suit involving the same litigants." 46 Kan. App. 2d at 265;

3

see also *Hawkinson v. Bennett*, 265 Kan. 564, 589, 962 P.2d 445 (1998) (Issue preclusion requires an earlier judgment on the merits between the parties or those in privity with them, and "'the issue . . . must have been determined and necessary to support the judgment.'") (quoting *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690-91, 751 P.2d 122 [1988]). In short, issue preclusion is a jurisprudential rule designed to avoid serial litigation of the same point in successive proceedings involving the same underlying facts.

The district court misapplied issue preclusion to dismiss Frost's sentencing claim in this 60-1501 action. In *Frost*, this court simply ruled that Frost had presented a legal claim open to dispute and, therefore, he was not entitled to an order in mandamus to the Department of Corrections. The court rejected mandamus as an appropriate procedural vehicle under the circumstances. But the court did not resolve the legal claim adversely to Frost, and nothing in that decision inherently embraced such an adverse resolution. The district court erred in reading a decision on the propriety of mandamus as a rejection of Frost's arguments about his sentences on their merits. It wasn't. And in turn, *Frost* provides no basis to invoke claim preclusion to reject the claim now.

But, of course, that says no more than the district court relied on a mistaken reason for ruling as it did. Frost doesn't win as a result. Because there are no disputed facts, we may tackle the sentence issue as a question of law.

Frost's argument fails, since it rests on a fundamental misunderstanding about how the Department of Corrections has treated his sentences. When Frost reached the conditional release date on his 8- to 30-year indeterminate sentence, the Department of Corrections began crediting the time he was serving against the 204-month determinate sentence. Under that method, when Frost completes the 204-month sentence, with reductions for good-time credit or other reasons, he may then be considered for conditional release on the indeterminate sentence. Were Frost then denied conditional

4

release, he would have to serve the balance of the indeterminate sentence. Neither the Department of Corrections nor any judicial authority "terminated" Frost's indeterminate sentence or deemed it fully served. Likewise, nothing in the Kansas sentencing statutes requires such a conclusion merely because Frost received consecutive sentences. A criminal defendant receiving consecutive prison sentences must serve the time allotted to each. By contrast, a defendant receiving concurrent sentences serves them simultaneously, meaning every day of incarceration counts toward both. The Department of Corrections' handling of Frost's sentences conforms to those rules.

If the law were as Frost claims, the Department of Corrections would have required him to serve the full term of the 8- to 30-month sentence before crediting his time against the 204-month sentence. Crediting the time that way would deprive Frost of any opportunity for conditional release on the indeterminate sentence, since he would have served it in full.

In closing out our review, we mention that Frost has asserted some sort of claim premised on the Ex Post Facto Clause of the United States Constitution. The argument, as presented, is so underdeveloped as to be unintelligible. Appellate courts should not treat wholly elliptical arguments as fill-in-the-blanks examination questions they are obligated to answer. We can discern no basis for relief due Frost and, therefore, reject the point. See *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013).

In sum, Frost has not presented substantive legal arguments warranting the relief he seeks. His claim fails on its merits. The district court reached the right result in dismissing Frost's 60-1501 petition, albeit for the wrong reason.

Affirmed.