NOT DESIGNATED FOR PUBLICATION

No. 124,797

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DARRELL L. STALLINGS,
*Appellant*,

v.

JEFF ZMUDA, Secretary of Department of Corrections, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; CHAD M. CRUM, judge. Opinion filed August 26, 2022.
Affirmed.

*Darrell L. Stallings*, appellant pro se.

*Jocilyn B. Oyler*, legal counsel, Kansas Department of Corrections, for appellees.

Before GREEN, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM:  After being found guilty of multiple disciplinary charges, Darrell L. Stallings, an inmate, petitioned for writ of mandamus under K.S.A. 60-801. In his petition, Stallings claimed his due process rights were violated when disciplinary officials failed to follow various regulations. The district court dismissed Stallings' petition because a plain and adequate remedy at law existed under K.S.A. 60-1501. On appeal, Stallings did not meet his burden of establishing K.S.A. 60-1501 was inadequate to address his grievance. As a result, we affirm the district court's dismissal of Stallings' petition for writ of mandamus.

1

FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2021, two disciplinary reports were issued against Stallings, an inmate at the El Dorado Correctional Facility. The disciplinary hearing officer held two hearings on the reports about a month later and found Stallings guilty of all charges.

A few weeks later, Stallings appealed to the Secretary of Corrections. Stallings filed a petition for writ of mandamus about two months later, June 7, 2021, in the Butler County District Court. In sum, Stallings contended the prison officials violated administrative regulations and argued the district court should compel the prison to comply with those regulations under a writ of mandamus. The Secretary of Corrections moved to dismiss Stallings' petition and argued a writ of mandamus was an improper remedy for his claim.

After a hearing on the motions, the district court granted the Secretary's motion to dismiss because a writ of mandamus was not an appropriate avenue or remedy for Stallings' claim. The district court noted that an "adequate remedy exists under K.S.A. 60-1501," but still found Stallings' requested relief would not be granted even under a habeas claim.

Stallings appeals.

ANALYSIS

On appeal, Stallings contends the district court erred when it dismissed his petition for writ of mandamus. Stallings acknowledges the district court dismissed his claim because a writ of mandamus was an improper avenue for relief but argues that he did not need to exhaust his claim under K.S.A. 60-1501 before petitioning for a writ of mandamus.

2

"Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801. Whether mandamus lies involves interpretation of the applicable statutes—a question of law over which appellate courts exercise unlimited review. *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 443, 172 P.3d 1154 (2007).

Kansas courts have emphasized that "[m]andamus is 'not a common means of obtaining redress, but is available only in rare cases, and as a last resort, for causes which are really extraordinary.'" *Bohanon v. Werholtz*, 46 Kan. App. 2d 9, 12, 257 P.3d 1239 (2011) (quoting *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1024, 686 P.2d 171 [1984]). And fatal to Stallings' claim, Kansas courts have held "mandamus is not the correct action where ""a plain and adequate remedy at law exists."' [Citation omitted.]'" *Bohanon*, 46 Kan. App. 2d at 13 (quoting *Willis v. Kansas Highway Patrol*, 273 Kan. 123, 128, 41 P.3d 824 [2002]).

A prior decision of this court is instructive here. In *Bohanon*, an inmate petitioned for writ of mandamus after being found guilty of several disciplinary offenses while incarcerated. The inmate alleged he was not issued a written summons to attend his disciplinary hearing, in violation of an administrative regulation—K.A.R. 44-13-401(b)—and requested the district court to remove the charges from his disciplinary records.

On appeal, the *Bohanon* panel held mandamus was improper for the inmate's claims because "[a] plain and adequate remedy for [the] alleged violation of Bohanon's right to prior written notice is found in K.S.A. 60-1501." 46 Kan. App. 2d at 13. The panel further held it was the inmate's burden to show K.S.A. 60-1501 did not provide him with an adequate remedy and

"[g]iven Kansas case law addressing K.S.A 60-1501 petitions routinely filed by Kansas inmates alleging noncompliance with the rules and regulations of the Department of Corrections in disciplinary proceedings, [the inmate] has not met this burden. We consider [the inmate's] complaint as not extraordinary but rather ordinary and well-suited for determination in the context of a K.S.A. 60-1501 proceeding. [Citation omitted.]" 46 Kan. App. 2d at 13.

In his petition for writ of mandamus, Stallings alleged his due process rights were violated because he was denied a fair disciplinary hearing. Thus, like in *Bohanon*, the "plain and adequate remedy at law" for Stallings' alleged violations lies in K.S.A. 60-1501. 46 Kan. App. at 13. A panel of this court has described K.S.A. 60-1501 as "a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution. [Citations omitted.]" See *Safarik v. Bruce*, 20 Kan. App. 2d 61, 67, 883 P.2d 1211 (1994).

Thus, because Stallings could have pursued his argument through timely filing of a K.S.A. 60-1501 petition, it is Stallings' burden to show that K.S.A. 60-1501 would not have provided him with an adequate remedy under the circumstances of this case. See *Bohanon*, 46 Kan. App. 2d at 13. But Stallings argues that a mandamus proceeding was appropriate simply because this option was also available—he does not argue that habeas relief would have been inadequate to address his grievance.

Stallings' argument is not enough to avoid "the 'adequate remedy' bar" to his mandamus action. See *Bohanon*, 46 Kan. App. 2d at 13. Mandamus is a remedy meant "'for causes which are really extraordinary.'" 46 Kan. App 2d at 12. And Stallings' choice of remedy is irrelevant because mandamus relief is unavailable when there is an adequate remedy at law. See 46 Kan. App.2d at 13. There does not appear to be anything extraordinary about Stallings' complaint; instead, his grievance seems to be "well-suited for determination in the context of a K.S.A. 60-1501 proceeding." See 46 Kan. App. 2d at 13.

As a result, the district court did not err in dismissing Stallings' petition for writ of mandamus under K.S.A. 60-801 because a plain and adequate remedy at law existed under K.S.A. 60-1501.

Affirmed.